MARJORIE E. BROCK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 31332-88.          Filed May 23, 1989.

---

Marjorie E. Brock, pro se.
*Donald P. Krainess,* for the respondent.

## OPINION

SCOTT, *Judge:* This case was heard by Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A of the Code and Rule 180. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* This matter is before us on respondent's motion to dismiss for failure to state a claim, filed January 23, 1989, respondent's amended motion to dismiss for failure to state a claim filed February 27, 1989, and petitioner's objections thereto filed February 10, 1989, and March 13, 1989.

Respondent by three separate notices of deficiency determined deficiencies in petitioner's Federal income taxes as follows:

| Year | Tax | Additions to tax | | |
| | | Sec. 6653(b) | Sec. 6653(b)(1) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| 1979 | $6,974 | $3,487 | - - - | $290 |
| 1980 | 5,577 | 2,789 | - - - | 356 |
| 1981 | 6,636 | 3,318 | - - - | 510 |
| 1982 | 4,233 | - - - | $2,117 | 413 |
| 1983 | 4,036 | - - - | 2,018 | 248 |
| 1984 | 4,355 | - - - | 2,178 | 275 |
| 1985 | 5,910 | - - - | 2,955 | 339 |

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent also determined the addition to tax under the provisions of section 6653(b)(2) for the years 1982 through 1985.

Petitioner resided at Redding, California, when she filed her petition herein as well as her amended petition. The original petition assigned the following "errors:"

3.A. No thoughtful or considerate *determination* for an alleged underpayment of estimated income tax, required to be paid under Title 26 U.S.C. section 6654, has been made.

3.B. Respondent has erroneously, capriciously, and arbitrarily *determined* an assessment for penalties provided for under Title 26 U.S.C. section 6653(b).

The assignment of error was based upon the following statement of "facts:"

4.A. It is a fact that respondent's *determination is void* of a definition for "estimated income tax" concerning this petitioner, according to Public Law 98-369-July 18, 1984, 98 STAT. 792, Section 412, and thus *the determination* is utterly without foundation and on point with *Charles A. Roat et al. v. C.I.R.,* 88 Daily Journal D.A.R. 6782 (9th Cir. June 1, 1988); *Scar v. C.I.R.,* 814 F.2d 1363 (9th Cir. 1987); *Banes v. C.I.R.,* 408 F.2d 65, 68-69 (1969); *Helvering v. Taylor,* 293 U.S. 507, 514 (1935).

4.B. It is a fact that Title 26 U.S.C. section 7454 does not provide any definition of "fraud" upon which respondent must carry the burden of proof under Title 26 U.S.C. section 6653(b), and in relation to numbered paragraph 4.A. herein.

After respondent filed his first motion to dismiss, petitioner on January 12, 1989, filed her first amended petition with affidavit. The amended petition complains of:

(1) "Respondent's lack of exhaustive fact finding procedures."

(2) Respondent's assertion that petitioner has willingly "volunteered" to comply with IRS regulations.

(3) Respondent's assertion that petitioner has received foreign income during the years in question.

(4) Respondent's failure to show proof that petitioner is liable for amounts shown on the notices of deficiency and to cite pertinent sections of the Internal Revenue Code.

(5) Respondent's failure to advise petitioner of her rights relative to voluntary compliance of IRS regulations.

(6) Respondent's conduct of "ex-parte" proceedings to determine the notices of deficiency.

(7) Respondent's failure to provide petitioner with adequate notice of a meaningful hearing at which she might present fact, evidence, or testimony on her behalf.

(8) Respondent's denial of petitioner's procedural due process prior to issuance of the notices.

(9) Respondent's assertion that petitioner's contentions are based solely upon moral, religious, political, Constitutional, conscientious, or similar grounds.

(10) Respondent's assertion that petitioner is a "person" subject to tax, penalties, and interest.

(11) Respondent's assertion that petitioner was a citizen of the United States and subject to its jurisdiction.

(12) Respondent's assertion that petitioner was required to file individual income tax returns for the years in question.

(13) Respondent's assertion that petitioner was an "illegal Tax Protestor."

(14) Respondent's assertion that the statute of limitations has not run for the years in question.

(15) Respondent's failure to provide proof of fraud by petitioner.

Petitioner alleges that she received no income from sources outside the United States during the years in question; that she received no notice from the Secretary of the Treasury informing her of the requirement to keep records and books; that respondent should have given her an administrative hearing; and that she is a citizen of the United States.

Respondent urges this Court to dismiss for failure to state a claim and to enter a decision against petitioner for the full amount of deficiencies determined as well as the section 6654 and section 6653(b) additions to tax for fraud.

Respondent's deficiency determinations indicate that petitioner reported no income for any of the years in question. Respondent determined that petitioner had unreported taxable income and self-employment tax in the following amounts:

| Year | Taxable income | Self-employment tax |
| --- | --- | --- |
| 1979 | $24,262 | $1,310 |
| 1980 | 20,234 | 1,320 |
| 1981 | 21,681 | 1,949 |
| 1982 | 16,520 | 1,491 |
| 1983 | 16,722 | 1,525 |
| 1984 | 17,022 | 1,888 |
| 1985 | 21,131 | 2,493 |

Respondent's motion raises one issue for this Court to address: whether petitioner's petition raises any claims for

which this Court can grant relief. Rule 34(b) provides that the petition shall set forth:

(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered.

(5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner.

Petitioner does not, in either her original petition, her amended petition, or her objections to respondent's motion deny the receipt of unreported income, nor does she deny that she had income from self-employment. Nowhere does she deny that she failed to file tax returns or to pay estimated taxes. Rather, she has contented herself with a plethora of long-rejected tax protestor arguments which we are no longer willing to discuss in detail. See *Rowlee v. Commissioner*, 80 T.C. 1111 (1983); *McCoy v. Commissioner*, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Clearly petitioner has failed to state a claim upon which relief can be afforded in regard to the tax deficiencies and the additions under section 6654. She had ample opportunity to correct her failure to state a claim and she chose not to do so.

We now turn to the additions to tax for fraud under section 6653(b).

Petitioner, in her objection to respondent's motion to dismiss, has raised the issue of the bar of the statute of limitations in each year at issue. Further, in her first amended petition, petitioner states, "24. Respondent has not provided any proof of fraud on the part of Petitioner." We consider that petitioner, a layperson, has raised the fraud issue in this matter, however inexpertly it might be pleaded.

The burden of proof with respect to fraud issues is upon respondent. Sec. 7454(a); Rule 142(b); *Imburgia v. Commissioner*, 22 T.C. 1002 (1954). Respondent, however, urges us to grant his motion to dismiss with the imposition of fraud

additions, citing *Doncaster v. Commissioner,* 77 T.C. 334 (1981); *Rechtzigel v. Commissioner,* 79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); *Smith v. Commissioner,* 91 T.C. 1049 (1988), together with two unpublished memoranda sur orders of this Court. None of respondent's authorities support his proposition.

First, we consider it inappropriate for respondent to cite unpublished memoranda sur orders regarding taxpayers unrelated to petitioner, and we will not consider such memoranda. Secondly, none of the cases cited by respondent support his request for a dismissal for failure to state a claim insofar as the fraud additions are concerned. In *Doncaster v. Commissioner, supra,* the specific facts and affirmative allegations of fraud contained in respondent's answer were deemed admitted by taxpayer as a result of his failure to file a reply. In the posture of the instant case, petitioner has not yet had the opportunity to reply to an answer since respondent has not yet filed his answer. Thus, *Doncaster* fails to support respondent. In *Rechtzigel v. Commissioner, supra,* also a fraud case, we considered respondent's motion for dismissal as a sanction under Rule 104. We granted a default judgment as a sanction because taxpayer there twice willfully disobeyed Court orders for the production of documents. We held in *Rechtzigel* at 142 that "our finding of default here has the effect of deeming admitted all respondent's factual and conclusory allegations relating to the fraud issue." Unlike *Rechtzigel,* petitioner in the instant case has not done anything to subject her to sanctions under Rule 104. Further, respondent has not filed an answer herein making any factual allegations of fraud. Lastly, our recent case of *Smith v. Commissioner, supra,* also involved a defaulting petitioner who failed to appear for trial. Accordingly, we held that respondent's specific allegations of fact in his answer, which we took to be true by taxpayer's default, were sufficient to establish the existence of fraud. Petitioner herein is not in default in regard to the fraud determinations. She is entitled to an opportunity to respond to any allegations of fraud respondent may wish to make when he files his answer. Respondent is asking this Court to make an unwarranted extension of our holdings in *Doncaster, Rechtzigel,* and *Smith.* We

decline to do so. Accordingly, it is inappropriate to grant respondent's motion to dismiss and enter a decision for the tax and all additions thereto including the section 6653(b) additions. It would, however, be similarly inappropriate to leave open for trial the frivolous questions raised by petitioner in regard to the constitutionality and legality of respondent's deficiency determinations, other than as they apply to the fraud questions and the bar of the statute of limitations. Therefore, in our discretion we have determined to treat respondent's motion to dismiss as a motion for partial judgment on the pleadings. We hold that unless petitioner can show the bar of the statute of limitations for the years 1979 through 1984 at trial, she has conceded the deficiencies in her Federal income taxes and is liable for additions to tax for the years and amounts as set forth below:

| Year | Tax | Additions to tax Sec. 6654 |
|------|------|------|
| 1979 | $6,974 | $290 |
| 1980 | 5,577 | 356 |
| 1981 | 6,636 | 510 |
| 1982 | 4,233 | 413 |
| 1983 | 4,036 | 248 |
| 1984 | 4,355 | 275 |

Since the notice of deficiency pertaining to 1985 is dated September 6, 1988, assessment for that year cannot be barred and petitioner is liable for a deficiency in tax in the amount of $5,910 and an addition under section 6654 in the amount of $339.We leave for another time the question of the propriety of the additions to tax under sections 6653(b), 6653(b)(1), and (b)(2). We caution petitioner that a continued persistence in frivolous and groundless protestor allegations may serve to subject her to a damage award to the United States under the provisions of section 6673.

*An appropriate order will be issued and this matter restored to the general docket.*