MARJORIE E. BROCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brock v. Commissioner
Docket No. 31332-88
United States Tax Court
T.C. Memo 1990-197; 1990 Tax Ct. Memo LEXIS 216; 59 T.C.M. (CCH) 433; T.C.M. (RIA) 90197; April 17, 1990
Marjorie E. Brock, pro se. Donald P. Krainess, for the respondent. PARR
*630 MEMORANDUM *217 FINDINGS OF FACT AND OPINION PARR, Judge: This case is before the Court on respondent's motions for entry of decision pursuant to Rule 123(a) [1] and Rule 123(b), and for damages under section 6673. In his notice of deficiency, respondent determined deficiencies in and additions to petitioner's income tax as follows: Additions to Tax
Year
Deficiency
§ 6653(b)
§ 6653(b)(1)
§ 6653(b)(2)
§ 6654
1979
$ 6,974.00
$ 3,487.00
-
-
$ 290.00
1980
5,577.00
2,789.00
-
-
356.00
1981
6,636.00
3,318.00
-
-
510.00
1982
4,233.00
$ 2,117.00
*
413.00
1983
4,036.00
2,018.00
*
248.00
1984
4,355.00
2,178.00
*
275.00
1985
5,910.00
2,955.00
*
339.00
In his answer to the amended petition, respondent alleged petitioner's liability *218 for an addition to tax under section 6661 for 1985 in the amount of $ 1,477.50. By order of May 24, 1989, granting respondent's motion for partial judgment on the pleadings, petitioner was deemed to have conceded liability for the deficiencies in income tax and additions to tax under section 6654 determined by respondent for the tax years 1979 through 1984, unless petitioner could prove the bar of the statute of limitations. Petitioner was also deemed to have conceded liability for the deficiency in income tax and an addition to tax under section 6654 for 1985. Brock v. Commissioner, 92 T.C. 1127 (1989). After these concessions, the only issues remaining for decision are: (1) Whether the statute of limitations bars the assessment of deficiencies in income tax and additions to tax under section 6654 for 1979 through 1984; (2) whether petitioner is liable for fraud additions under section 6653(b) for the years 1979 through 1985; and (3) whether petitioner is liable for an addition to tax for a substantial understatement of income tax under section 6661 for 1985. Petitioner resided in Redding, California, when she filed her petition. Statute of Limitations
*219 The bar of the statute of limitations to assessment is an affirmative defense. Rule 39. The burden of proof with respect to this defense is on petitioner. Rule 142(a); Adler v. Commissioner, 85 T.C. 535, 540 (1985). When this case was called for trial on March 6, 1990, there was no appearance by or on behalf of petitioner, even though a date and time certain for trial was set in advance by order dated February 16, 1990, and such order was served on petitioner. Rule 123(b) provides as follows: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; * * *. Moreover, the notice setting the case for trial served on the parties September 29, 1989 states in bold print: YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST *220 YOU. It is well settled that a petitioner's unexcused failure to appear at trial can result in a dismissal of the action or a default judgment. Brooks v. Commissioner, 82 T.C. 413 (1984), affd. without published opinion 772 F. 2d 910 (9th Cir. 1985). Instead of appearing, petitioner sent a document entitled "Notice of withdrawal of jurisdiction and notice of termiantion [sic] of case" to the Court, with a copy to respondent's counsel. The "notice" is dated February 27, 1990, but was not received by the Court until March 5, 1990, after the trial calendar had begun. Respondent did receive his copy before trial and attached it as Exhibit A of his motion for entry of decision. Petitioner's attempt to withdraw her case has no effect. It is a well-settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. *631 Estate of Ming v. Commissioner, 62 T.C. 519, 521 (1974), citing Dorl v. Commissioner, 57 T.C. 720 (1971), affd. *221 507 F.2d 406 (2d Cir. 1974). In fact, under section 7459(d), if a petition has been filed by the taxpayer in the Tax Court and the Court dismisses the case for any reason other than lack of jurisdiction, the Court must enter an order finding the deficiency in tax to be the amount determined by the Commissioner in his notice of deficiency, unless the Commissioner reduces the amount of his claim. Estate of Ming, 62 T.C. at 522. In light of the above, and in accordance with Rule 123(b), we decide against petitioner on the issue of whether this action is barred by the statute of limitations. Petitioner is therefore liable for all deficiencies and additions to tax determined in the notice of deficiency for all of the years in issue. Issues On Which Respondent Has the Burden of Proof
Respondent always bears the burden of proving petitioner is liable for the addition to tax for fraud. Rule 142(b); section 7454(a). Here, respondent also bears the burden of proof regarding the addition to tax under section 6661 for substantial understatement of liability, since that issue was a new matter raised in respondent's answer to amended petition. *222 Rule 123(a) provides as follows: (a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court * * *. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, * * *. Petitioner's default may justify entry of decision against her, without trial, on issues as to which respondent has the burden of proof, where those issues are well-pleaded. See Smith v. Commissioner, 91 T.C. 1049 (1988) (fraud); and Bosurgi v. Commissioner, 87 T.C. 1403 (1986) (transferee liability). Petitioner here is clearly in default. The question we now consider is whether the evidence, including well-pled pleadings, is sufficient to sustain the additions to tax. Substantial Understatement Addition, Section 6661 (1985)
Petitioner has conceded a deficiency of $ 5,910 in income tax for 1985. Section 6661(a) provides that, if there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal *223 to 25 percent of the amount of any underpayment attributable to such understatement. Petitioner did not file any income tax return for 1985. The non-filing of a return where tax liability is due is an understatement of tax for purposes of section 6661. Woods v. Commissioner, 91 T.C. 88, 95-96 (1988). The amount of her understatement is, therefore, $ 5,910. This is a "substantial understatement" under section 6661(b)(1)(A)(ii). In light of petitioner's deemed concession, respondent has met his burden of proof. Petitioner is liable for an addition to tax, which is, in this case, 25 percent of $ 5,910, the amount of the underpayment. Fraud Addition, Sections 6653(b) and 6653(b)(1)
Sections 6653(b) (applicable to the tax years 1979 through 1981), and 6653(b)(1) (for tax years 1982 through 1985), provides for an addition to tax equal to 50 percent of the underpayment of tax required to be shown on a return, if any part of the underpayment is due to fraud. Section 6653(b)(2) (applicable to tax years 1982 through 1985), provides an additional amount equal to 50 percent of the interest on the portion of the underpayment attributable to fraud. *224 The existence of fraud is a question of fact that must be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Respondent must show that petitioner intended to evade taxes which she knew to be owing, by actions intended to conceal, mislead, or prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3rd Cir. 1968), cert. denied 393 U.S. 1020 (1969); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The intent to conceal or mislead may be inferred from a pattern of conduct. See Spies v. United States, 317 U.S. 492, 499 (1943). Indications of fraud include the knowing and willful defiance of the tax laws. Powell v. Granquist, 252 F.2d 56 (9th Cir. 1958). Other badges of fraud are inadequate records, failure to file tax returns, failure to make estimated tax payments, concealment of assets, and failure to cooperate with tax authorities. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), *225 affg. a Memorandum Opinion of this Court. Furthermore, the purposeful establishment of a foreign trust to engage in sham transactions aimed at understating tax is strongly indicative *632 of fraud. See Akland v. Commissioner, 767 F.2d 618 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; Professional Services v. Commissioner, 79 T.C. 888 (1982). Respondent's affirmative allegations as to fraud are well-pleaded. In paragraph VIII of his answer to amended petition, respondent alleged the following: During the years 1979 through 1985 petitioner received unreported taxable income from sales of Shaklee home products, interest from a deed of trust and an account at a savings and loan association, and income from other sources. Petitioner failed to file income tax returns for 1982, 1983, 1984, and 1985. She submitted "Porth"-type returns for the years 1979, 1980 and 1981 in which she failed to report any of the income she received in those years. Petitioner failed to maintain complete and accurate records of her income-producing activities. She failed to produce any records to respondent in connection with the examination of her income *226 tax returns for the years in issue. Petitioner entered into sham assignments of a deed of trust executed by James D. and Bonnie J. Holden to secure payment of a promissory note, in the amount of $ 23,590.58 plus interest, to "Brajoga Company" and "Nassau Life Insurance Co. Ltd. Trustee for GJB Management Company," while continuing after such sham transfers to have effective ownership and control over the deed of trust, the promissory note secured thereby, and all payments made thereunder. Petitioner attempted to conceal her assets from respondent by entering into sham transfers of her residence at 2242 Marilyn Avenue, Redding, California, and other real property to "Brajoga Company," "Marel Company Trust," "Nassau Life Insurance Co. Ltd.," and "GJB Management Company," while continuing to have effective ownership and control over said properties during the years in issue. Petitioner tried to obstruct respondent's examination of her income tax liability for the years at issue by not cooperating with the examination and by raising spurious arguments, such as that she is not subject to United States income tax laws. Respondent's allegations set forth facts sufficient to sustain *227 a finding of fraud for each of the years in issue attributable to the entire underpayment, which in this case is the amount of the deficiencies determined by respondent in the notice of deficiency, and we so hold. Damages/Penalty Under Section 6673
Section 6673 provides that, whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, the taxpayer's position in such proceeding is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States. As to positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the statute now provides that the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. This case cries out for an award to the United States under these provisions. The petition and first amended petition with affidavit are replete with frivolous and groundless tax-protestor allegations. The *228 only justiciable issue raised by petitioner's pleadings was the bar of the statute of limitations, an issue on which she never offered proof. In our opinion filed May 23, 1989, we cautioned petitioner "that a continued persistence in frivolous and groundless protestor allegations may serve to subject her to a damage award to the United States under the provisions of section 6673." Brock v. Commissioner, 92 T.C. 1127, 1133 (1989). Nevertheless, petitioner persisted in making frivolous arguments. In her Reply filed August 21, 1989, petitioner complained, for instance, "that the Paperwork Reduction Act very clearly forbids the penalizing of her for her failure to comply with any information collection request that does NOT display (in the upper right corner) a currently valid O.M.B. control number." Petitioner refused to answer respondent's requests for discovery. She refused to meet with respondent's counsel, to stipulate facts, or to present information and documents requested by respondent's counsel for a stipulation of facts. In this refusal (as well as by her failure to file or serve a trial memorandum) petitioner has disobeyed the Court's Standing Pretrial *229 Order dated September 29, 1989. When the Court tried to arrange a joint telephone conference call in order to set a date and time for trial mutually convenient to the parties, petitioner refused to participate. Although she was served with a copy of our order setting the date and time certain for trial, she failed to appear. *633 Because of petitioner's lack of cooperation, respondent's attorneys and employees were required to spend large amounts of time preparing for a trial at which petitioner never intended to appear. Between February 19, 1990 and March 1, 1990, respondent's revenue agent Anita Russell estimates she spent in excess of 60 hours, and respondent's attorneys have spent at least 40 hours in trial preparation. Moreover, the Court reserved three hours of trial time that were wasted, together with the costs and time of a court reporter and deputy trial clerk. Internal Revenue and Court employees are not petitioner's only victims. When this case was called, six witnesses appeared for trial (five of them under respondent's subpoena), including employees from three banks and from the Shasta CountyTax Collector's Office and the Shasta County Real Estate Tax Assessor's *230 Office. Several of these persons had come from out of town and their transportation, food, and overnight lodging was paid by United States taxpayers. While petitioner certainly has the right to put respondent to his proof with regard to fraud, we are convinced that these proceedings were brought and maintained solely for purposes of delay, and we so find. Much of petitioner's obnoxious behavior occurred before the effective date of the amendment to section 6673. Nevertheless, we believe her most outrageous behavior occurred in March 1990, with regard to her unexcused failure to appear at trial. Therefore, we award the United States $ 5,000 damages under the provisions of section 6673(a) for positions taken on or before December 31, 1989, and an additional $ 10,000 penalty for positions taken after that date. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50% of the interest payable with respect to the portion of the underpayment attributable to fraud.↩