JAMES M. BOYCE, JR., AND SHELLEY A. BOYCE, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyce v. Commissioner
Docket No. 6979-89
United States Tax Court
T.C. Memo 1990-555; 1990 Tax Ct. Memo LEXIS 627; 60 T.C.M. (CCH) 1082; T.C.M. (RIA) 90555; October 24, 1990, Filed *627 An appropriate order and decision will be entered. James M. Boyce and Shelley A. Boyce, pro se. June Y. Bass, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121[1] and petitioners' motion to defer consideration of respondent's motion. The issues that respondent seeks to *628 have adjudicated in his favor are (1) whether petitioners, as citizens and residents of California, are exempt from paying Federal income taxes as provided by subtitle A of the Internal Revenue Code and its related regulations, and (2) whether respondent or his delegate, in issuing the statutory notices of deficiency to petitioners, has deprived them of the due process and equal protection guarantees of the Constitution of the United States. Respondent filed his motion for partial summary judgment on July 30, 1990. Subsequently, petitioners James M. Boyce, Jr. (hereinafter Mr. Boyce) and Shelley A. Boyce (hereinafter Mrs. Boyce) were ordered to file a response by August 24, 1990, which petitioners failed to do. On August 28, 1990, petitioners filed their "motion to defer consideration of respondent's motion for partial summary judgment to permit discovery* * *." The following facts are based on the parties' conflicting motions, pleadings, and supporting documents. During the years 1979 through 1984, petitioners were married and earning a living shoeing horses in Southern California. They jointly filed Federal income tax returns for 1979, 1980, and 1981, on which they claimed *629 that Mr. Boyce was "self-employed" and Mrs. Boyce was a "homemaker." However, petitioners failed to disclose any financial information on the returns for those years and filled-in all the appropriate lines of each return with the words "none" or "object." Petitioners failed to file Federal income tax returns for the years 1982, 1983, and 1984. By separate statutory notices of deficiency, both of which are dated March 17, 1989, respondent determined deficiencies in, and additions to, petitioners' Federal income taxes as follows: JAMES M. BOYCE
Section
Section
Section
Year
Deficiency
6653(b)
6661(a)
6654(a)
1979
$ 3,947
$ 1,974
-0-
-0-
1980
$ 4,887
$ 2,444
-0-
$ 311
1981
$ 12,705
$ 6,353
-0-
$ 973
Section
Section
Section
Section
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661(a)
6654(a)
1982
$ 15,471
$ 7,736  *
$ 3,868
$ 1,506
1983
$ 14,854
$ 7,427 ** *630 $ 3,714
$   908
1984
$ 14,491
$ 7,246
***
$ 3,623
$   912 SHELLEY A. BOYCE
Section
Section
Section
Year
Deficiency
6653(b)
6661(a)
6654(a)
1979
$ 2,052
$ 1,046
-0-
-0-
1980
$ 2,785
$ 1,395
-0-
$ 178
1981
$ 9,943
$ 4,972
-0-
$ 762 Section
Section
Section
Section
Year
Deficiency
6653(b)(1)
6653(b)(2)
6661(a)
6654(a)
1982
$ 12,442
$ 6,221  *
$ 3,111
$ 1,211
1983
$ 11,516
$ 5,728 **
$ 2,879
$ 705
1984
$ 10,220
$ 5,110
***
$ 2,555
$ 643
Petitioners were residing in San Luis Rey, California when they timely filed the consolidated petition in this case. Paragraphs 16 through 22 of the petition, which are part of petitioners' assignments of error, [2] do not address the determinations made *631 by respondent in the notices of deficiency; rather, they contain conclusory allegations of "error" frequently used by tax protestors, namely, (a) petitioners are exempt from a direct unapportioned tax; (b) the statutory notices of deficiency were issued without due process at the administrative level; and (c) petitioners have been deprived of certain procedural safeguards guaranteed to them by the United States Constitution. Petitioners' assignments of error are purportedly based on their "statement of facts," which also contains numerous and erroneous statements of law. A decision will be rendered on a motion for partial summary judgment if the pleadings, *632 answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure: Civil, sec. 2725, p. 93 (2d ed. 1983). [3] In this regard, our Rules require that the petition contain "clear and concise" assignments of each error that petitioners allege to have been committed by respondent, and "clear and concise" statements of fact on which petitioners base their assignments of error. Rule 34(b)(4) and (5); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Any issue not raised in the assignments of error shall be deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658. *633 Respondent asserts that petitioners' allegations set forth in their petition fail to address respondent's determinations contained in the deficiency notices, and instead, raise only a variety of irrelevant, tax protestor arguments upon which respondent is entitled to a favorable summary adjudication as a matter of law. We agree with respondent, and accordingly, grant his motion for partial summary judgment and deny petitioners' motion to defer consideration of respondent's motion. The petition simply does not comply with the requirements of Rule 34(b)(4) and (5). Almost all of the assignments of error [4] and statements of fact in the petition contain worn-out, tax protestor arguments that have been disguised as legitimate constitutional concerns and consistently rejected by this Court and others. First, petitioners assert that as citizens and residents of the "Republic of the State of California" and the United States, they are exempt from a direct, unapportioned tax under article I, section 2, clause 3 of the United States Constitution which provides that "Representatives and direct Taxes shall be apportioned among the several states." [5] Notwithstanding the supremacy of this *634 constitutional provision, we clearly rejected petitioners' asserted application of it to the Federal income tax laws in Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984), where we stated, The Federal income tax laws are constitutional. Since the ratification of the 16th Amendment, it is immaterial with respect to income taxes, whether the tax is a direct or indirect tax. The whole purpose of the 16th Amendment was to relieve all income taxes when imposed from apportionment and from a consideration of the source whence the income was derived. [6] [Footnote reference added.] *635 Thus, we find as a matter of law that petitioners, as citizens and residents of California, are not exempt from the Federal income tax imposed on them by subtitle A of the Internal Revenue Code. Accordingly, we grant respondent's motion for summary judgment with respect to this legal issue. With respect to the second issue, petitioners assert in paragraphs 13, 20, and 21 of the petition, that their constitutional rights to due process were infringed because respondent failed to provide them with adequate notice and a meaningful opportunity to be heard at the administrative level. We have rejected similar arguments as irrelevant numerous times and our rationale for doing so does not bear repeating once more. Brock v. Commissioner, 92 T.C. 1127 (1989); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). [7]
Finally, *636 in paragraphs 10, 13, and 22 of the petition, petitioners claim that they have been erroneously labeled "tax protestors," which has caused them to be subjected to the government's "peculiar procedures" and to be denied the equal application of the laws. However, this argument has also been consistently discarded as meritless by this Court and others. "Merely showing that the Government elected, under established IRS directives, to prosecute an individual because he was vocal in opposing voluntary compliance with the Federal income tax law, without also establishing that others similarly situated were not prosecuted and that the prosecution was based on racial, religious or other impermissible considerations, does not demonstrate an unconstitutionally selective prosecution." United States v. Amon, 669 F.2d 1351, 1356-1357 (10th Cir. 1981), cert. denied 459 U.S. 825 (1982); United States v. Rickman, 638 F.2d 182, 183 (10th Cir. 1980); United States v. Scott, 521 F.2d 1188, 1195 (9th Cir. 1975)("Appellant fails in his claim *637 of discriminatory prosecution because he had not demonstrated that others similarly situated who have failed to file income tax returns have not been prosecuted."); [8] see also Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974); Karme v. Commissioner, 673 F.2d 1062, 1064 (9th Cir. 1982; United States v. Steele, 461 F.2d 1148, 1151 (9th Cir. 1972). Thus it is of no significance that respondent may have singled out petitioners as tax protestors for prosecution since we find that petitioners have failed to show that others similarly situated were not prosecuted and that respondent's prosecution of them was based on racial, religious, or other impermissible considerations. By continually advancing such arguments, petitioners and other tax protestors merely hoist themselves by their own petards. [9] In sum, petitioners' constitutional arguments do not measure up to the dignity and status of proper pleading. See Rule 34(b)(4) and (5). Rather, their arguments amount to nothing more than standard, insidious, tax protester rhetoric that is without merit in this context. We observe that petitioners' motion to defer consideration *638 of respondent's motion is repetitious of the tax protestor jargon contained in their petition, except that the petition is only 8 pages long, whereas petitioners' motion to defer consideration was extended to 31 garrulous pages of irrelevant, tax protestor gibberish. Petitioners are merely engaging in a game of obstruction and obfuscation that abuses the judicial process. Nothing presented here indicates any impairment of petitioners' constitutional rights of due process or otherwise. Rather, we discern that petitioners are abusing the process of this Court by flaunting frivolous assertions, devoid of any legal status. Accordingly, we find there is no genuine issue of material fact with respect to the two constitutional questions respondent has placed before us, and that he is *639 entitled to a summary judgment on both issues as a matter of law. Rule 121(b). Furthermore, we admonish petitioners, as they have invoked the jurisdiction of this Court, that they are to comply with the standing pre-trial order and the Rules of this Court in every detail. Their failure to do so will result in our imposing sanctions on them to the full extent of the law. To reflect the foregoing, An appropriate order and decision will be entered. APPENDIX A Petitioners' "Assignments of Error" (paragraphs 16 -26 of the petition) are reproduced in full below: CLEAR AND CONCISE ASSIGNMENTS OF EACH AND EVERY ERROR OF COMMISSIONERS DETERMINATION OF DEFICIENCY/LIABILITY RULE 34(b)(4)
16. The Commissioner and/or his delegate erroneously determined that petitioners are/were U.S. individuals living abroad and earning foreign earned income. 17. The Commissioner and/or his delegate erroneously determined that petitioners are/were engaged in a "taxable charged activity" generating "taxable income". 18. The Commissioner and/or his delegate erroneously determined that petitioners had incurred a liability for income taxes imposed under subtitle A of the Internal *640 Revenue Code and related regulations for the years 1979, 1980, 1981, 1982, 1983, and 1984. 19. The commissioner and/or his delegate erroneously determined that he had delegated authority and/or jurisdiction to issue statutory 90 day Notices of Deficiency to petitioners. 20. The Commissioner and/or his delegate failed to provide petitioners with adequate notice and meaningful opportunity to be heard at the administrative level. Thus, the attached statutory 90 day Notices of Deficiency fail to provide petitioners with all the pertinent facts. 21. The actions here involved that has been taken by the Commissioner and/or his delegate has deprived petitioners of certain procedural safeguards guaranteed to petitioners by the Constitution of the United States of America. 22. The Commissioner erroneously compiled and is maintaining information regarding petitioners in the Internal Revenue Systems of Records designated to and for use by the Assistant Commissioner, Foreign Operations Division and/or his officers or agents. 23. The Commissioner and/or his delegate erroneously represents petitioners Social Security account number as a Taxpayer Identifying Number, *641 upper right hand corner statutory notices here involved. 24. This appeal was not taken for the purposes of delay, nor to impede the administration of the Federal Tax Laws. 25. Because of the complex issues that are involved in this case petitioners do not want this case treated as a small tax case. Thus, petitioners do not want this case assigned to a Special Trial Judge who is assigned to hear simple small tax cases. 26. On oath and affirmation, and under penalty of perjury, the undersigned states that they are not liable for the Additional Income Tax alleged to be due by the Commissioner and/or his delegate. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
*. 50% of the interest due on $ 15,471.↩
**. 50% of the interest due on $ 14,854.↩
***. 50% of the interest due on $ 14,491.↩
*. 50% of the interest due on $ 12,442.↩
**. 50% of the interest due on $ 11,516.↩
***. 50% of the interest due on $ 10,220.↩
2. Petitioners' assignments of error are designated as paragraphs 16 through 26 in the petition, and the statement of facts is designated as paragraphs 1 through 15. Paragraphs 16 through 22, at issue in this case, are contained in Appendix A to this opinion at page 10.↩
3. Summary judgment under Rule 121 is derived from rule 56, Federal Rules of Civil Procedure. Hence, in any question turning on the interpretation of Rule 121, the history of rule 56, Fed. R. Civ. P., and the authorities interpreting such rule, are considered by the Tax Court. See Hoeme v. Commissioner, 63 T.C. 18, 21 (1974); Shiosaki v. Commissioner, 61 T.C. 861, 862↩ (1974).
4. See paragraphs 16 through 22 of the petition, Appendix A, infra↩, at p. 10.
5. See paragraphs 4-9 and 16-20 of the petition, and petitioners' "motion to defer consideration of respondent's motion * **," filed August 28, 1990.↩
6. See also Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Brayton v. Commissioner, T.C. Memo. 1989-664↩.
7. See also Estate of Simkins v. Commissioner, T.C. Memo. 1978-338↩.
8. We observe that venue on appeal of this case lies in the U.S. Court of Appeals for the Ninth Circuit.↩
9. See Shakespeare, Hamlet, act III, scene iv: "For 'tis the sport to have the enginer Hoist with his own petar."↩