RAYMOND JOSEPH CAPLETTE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caplette v. Commissioner
Docket No. 21774-92
United States Tax Court
T.C. Memo 1993-46; 1993 Tax Ct. Memo LEXIS 50; 65 T.C.M. (CCH) 1876; February 4, 1993, Filed *50 Raymond Joseph Caplette, pro se. For respondent: William A. McCarthy. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. This case is before the Court on respondent's motion to dismiss for failure to state a claim for relief pursuant to Rule 40 and for penalties under section 6673 filed on November 16, 1992. In a notice of deficiency dated June 29, 1992, respondent determined deficiencies in income tax and additions to tax due from petitioner as follows: Additions to Tax Sections
Tax Year
Deficiency
6651(f)
6653(b)
6654(a)
1981
$ 6,961
-  $ 3,481       $ 297
6653(b)(1)   6653(b)(2)      1982
5,091
-  2,546       *         493
1983
10,535
-  5,268       *         357
1984
8,410
-  4,205       *         512
1985
7,757
-  3,879       *         445
6653(b)(1)(A)
6653(b)(1)(B)
1986
8,890
-  6,668       *         430
1987
8,988
-  6,741       *         505
1988
6,605
-  4,954       -         422
1989
9,286
$ 6,965
-       -         628
1990
6,075
4,556
-       -         399
*51 The adjustments giving rise to the deficiencies and additions to tax are based upon petitioner's failure to file tax returns and report various items of wage and interest income. On October 1, 1992, petitioner filed a petition in which he disputed all of the deficiencies and additions to tax by stating in paragraph 4: THE ENTIRE ADJUSTMENT/CHANGES, KIND OF TAX, ANY AMOUNT IS DISAGREED. OUR CHRISTIAN FOREFATHERS SOUGHT A CHRISTIAN GOV'T-NOT A JEWISH-CAPITALIST-COMMUNIST-MAFIA-S&L MONETARY SYSTEM; I NEVER HAD INCOME TO QUALIFY TO FILE; NO U.S/CA CONSTITUTIONAL REQUIREMENTS; FED. RES. NOTES ARE CONSIDERED BY CONGRESS AS "TOKEN VALUE", NOT MONEY NOR DOLLARS; NO PERMISSION GIVEN BY THE SOVEREIGNTY TO BE TAXED; 16TH AMEND. ILLEGAL; NO STANDING TO TAX.
Subsequent to the filing of respondent's motion, the Court, in an order dated December *52 4, 1992, noted that it reviewed the petition and agreed with respondent that the allegations therein are tax protester allegations which have been repeatedly rejected by this and other courts. However, petitioner was authorized to file an objection to respondent's motion or, alternatively, an amended petition setting forth adequate assignments of error and statements of fact as to the merits of respondent's determinations. Petitioner timely filed an objection to respondent's motion to dismiss, in which petitioner also moved that we dismiss the case pursuant to Rule 40 for failure to state a claim, find that there are no deficiencies or additions of tax due, and award petitioner damages in the amount of $ 300 million. The objection is a fairly unintelligible dissertation on various social and economic conditions in the United States contending, in part, that money is not money, that respondent is violating petitioner's Constitutional rights, and that the 16th Amendment to the Constitution was not properly ratified. Attached to the petition are several exhibits including a copy of a 26-page unsworn declaration of William J. Benson, dated June 28, 1987, regarding the ratification *53 procedure of the 16th Amendment; a copy of a 50-page "Defendant's Brief In Support Of Motion To Dismiss On Jurisdictional Grounds" in the criminal case of the United States of America v. William J. Benson, United States District Court, Northern District of Illinois, Eastern Division, Criminal Case No. 87-CR-278, relative to the proposition that the Internal Revenue Code only applies to residents of the District of Columbia, Federal enclaves within the United States, and United States possessions and territories; and, a copy of a 38-page treatise entitled "Money and Near-Monies: A Primer" by John B. Henderson, dated June 7, 1983, relative to various misconceptions regarding the concept of money. [2]
In her motion to dismiss, respondent contends that petitioner has failed to assign error to the items set forth in the notice of deficiency. *54 Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency or liability. Rule 34(b)(5) further provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. It is clear that the petition in the instant case does not comply with Rule 34(b), in that no justiciable error has been alleged in the petition with respect to respondent's determination and the petition fails to allege facts in support of any error. Petitioner's petition merely contains tax protester arguments that have been heard and rejected by this Court on many occasions. See, e.g., McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Brayton v. Commissioner, T.C. Memo. 1989-664, affd. without published opinion 923 F.2d 861 (9th Cir. 1991). We see no reason to again refute these arguments with somber reasoning and copious citation *55 of precedent. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). The short answer to petitioner's arguments is that petitioner is not exempt from Federal income tax. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). Moreover, a judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See Abrams v. Commissioner, supra at 408; Brayton v. Commissioner, supra. Accordingly, as petitioner has failed to raise any issue with regard to the amount of his income or deductions, or the correct amount of his tax liability, including the additions to tax for which petitioner has the burden of proof, respondent's motion should be granted with respect to the deficiencies and such additions to tax. However, the Court notes that respondent determined additions to tax for fraud for 1981 through 1988 and the additions to tax for fraudulent failure to file for 1989 and 1990. In the petition, petitioner disputed all additions to tax. Further, in his objection to respondent's motion to dismiss, petitioner stated that respondent *56 has the burden of proof as to the additions to tax for fraud. With regard to the additions to tax for fraud, respondent states in her motion: a failure to assign error in the Petition as required by Rule 34(b) to an issue raised in the notice of deficiency should be deemed to be a concession of that issue, regardless of the burden of proof. In this regard, petitioner has failed to assign any justiciable errors to the additions to tax for fraud.
We note that Rule 34(b)(5) relieves petitioner from reciting facts underlying assignments of error as to which the burden is on respondent. It is noted that respondent has yet to file an Answer in this case and make affirmative allegations in support of her determination as to the additions to tax for fraud, and petitioner has not had the opportunity to reply to them. Accordingly, to that extent, it is inappropriate to enter a decision for the section 6653(b) and 6651(f) additions. Brock v. Commissioner, 92 T.C. 1127, 1131-1132 (1989). It would, however, be similarly inappropriate to leave open for trial the frivolous questions raised by petitioner in regard to the Constitutionality and legality *57 of respondent's deficiency determinations other than as they apply to the fraud questions. Therefore, in our discretion, we have determined to treat respondent's motion to dismiss as a motion for partial judgment on the pleadings. We hold, therefore, that petitioner is liable for the deficiencies in Federal income tax and additions to tax under section 6654(a), as determined in the notice of deficiency. Furthermore, while it is premature at this point to consider that aspect of respondent's motion dealing with the section 6673 penalty, we caution petitioner that a continued persistence in frivolous and groundless protester allegations may very well subject him to a penalty under the provisions of section 6673. An appropriate order will be issued and this matter restored to the general docket. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50 percent of the interest that is computed on $ 5,073, $ 6,768, $ 8,202, $ 7,757, $ 8,890, and $ 8,373 for the tax years 1982, 1983, 1984, 1985, 1986, and 1987, respectively.↩
2. We will not burden this opinion by attempting to digest and summarize the contents of these various exhibits. Suffice it to say that they are totally irrelevant to the matter at hand.↩