T.C. Memo. 1996-439


UNITED STATES TAX COURT


JOEL L. AND DELYNN E. BOYCE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7168-96.              Filed September 25, 1996.


Joel L. and DeLynn Boyce, pro se.

<u>Louise Pais</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules

180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.


OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge:  This case is before us on respondent's Motion to Dismiss for Failure To State A Claim and To Impose A Penalty Under Section 6673.  Respondent determined the following deficiencies and additions to tax with respect to petitioner Joel L. Boyce:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec.6654(a) |
| 1991 | $47,204 | $11,801 | $2,493 |
| 1992 | 35,173 | 8,793 | 1,536 |
| 1993 | 49,278 | 12,320 | 1,891 |

In addition, respondent determined the following deficiencies and additions to tax with respect to petitioner DeLynn E. Boyce:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1991 | $19,209 | $4,802 | $882 |
| 1992 | 13,852 | 3,463 | 606 |
| 1993 | 18,503 | 4,626 | 604 |

The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioners to file Federal income tax returns and report gross receipts from State Farm Insurance, dividend income, interest income, a

---

[1]  All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

premature distribution from an individual retirement account, a distribution from the Oregon Public Employees Retirement Fund, and capital gains from the sale of mutual funds and real estate.

Petitioners filed a petition with this Court on April 19, 1996. The gist of petitioners' allegations in their petition is that (1) petitioners are "American citizens and residents (Domestic) and not united states citizens and/or residents (National)"; (2) that this case can only be heard by an Article III court;[2] (3) that the issuance of the notice of deficiency was an abuse of discretion by the Commissioner; (4) that the Commissioner erroneously and arbitrarily determined that petitioners were "taxpayers", that they received "taxable income", and that they were engaged in a "taxable activity"; (5) that petitioners have been denied adequate notice and a meaningful opportunity to be heard at the administrative level; (6) that petitioners have been denied certain procedural safeguards guaranteed to them as "sovereign citizens of one of the several Sovereign Republican states of the Continental States United"; (7) that petitioners have been labeled "tax protesters"; and (8) that the additions to tax under sections 6651 and 6654 are confined to alcohol, tobacco, and firearms revenue.

---

[2] Petitioners did not explain why they filed a petition in an Article I court. They could have paid the deficiencies and additions to tax and filed a claim for refund, and, if disallowed, sued for refund in an Article III Court.

Petitioners make further allegations in the petition, which are common in tax protester petitions, regarding the audit techniques utilized by respondent.

In her motion to dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4) and concise lettered statements of fact on which petitioners base the assignments of error, in violation of Rule 34(b)(5). Attached to respondent's motion were copies of letters sent by, or on behalf of, petitioners to respondent's agents during the course of the investigation of their tax liabilities. These letters contain many of the same tax protester arguments as in the petition and petitioners' objection to respondent's motion to dismiss.

Subsequent to the filing of respondent's motion, the Court reviewed the petition herein and agreed with respondent that the allegations therein are tax protester allegations that have been repeatedly rejected by this and other courts. Accordingly, petitioners were ordered to file an objection to respondent's motion or, alternatively, an amended petition setting forth adequate assignments of error and statements of fact in response to the merits of respondent's determinations.

Petitioners filed an objection on July 24, 1996. The objection contains further tax protester arguments including that

this Court lacks "in personam" jurisdiction over petitioners and that petitioners reside in the California Republic. The objection also includes an objection to the spelling of petitioners' names in capital letters because they are not "fictitious entities". In view of the state of the record, we conclude that no useful purpose would be served by scheduling a hearing in this matter.

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b).

The arguments made by petitioners are without factual and legal foundation and appear to represent a protest of the Federal tax laws. These types of tax protester arguments have been heard by this Court on many occasions and rejected. We see no need to respond to each of petitioners' arguments with copious citations of precedent. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). In short, petitioners are taxpayers subject to the income tax laws. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). Petitioners' argument that they are not taxpayers is frivolous. United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986).

Gross income, pursuant to section 61, means all income from whatever source derived and includes income realized in any form, whether in money, property, or services. Since petitioners were citizens and residents of the United States and earned their income in the United States, their income comes within the general definition of gross income under section 61. Moreover, under section 7701(a)(1) petitioners were "persons" and were required, under section 6012, to file Federal income tax returns, and pay the income tax due thereon. The authority of Congress to impose and collect Federal income taxes from individuals has long been upheld as constitutional. James v. United States, 366 U.S. 213 (1961); O'Malley v. Woodrough, 307 U.S. 277 (1939); Lynch v. Hornby, 247 U.S. 339 (1918).

Furthermore, this Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved in making her determinations. Abrams v. Commissioner, supra at 406; Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Petitioners' contention that they were denied adequate notice and a meaningful opportunity to be heard has been rejected as irrelevant numerous times. Brock v. Commissioner, 92 T.C. 1127 (1989); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Boyce v. Commissioner, T.C. Memo. 1990-555. In addition, petitioners' contention that they have been labeled as "tax protesters" causing them to be subjected to "peculiar procedures" has been consistently rejected as meritless. United States v. Amon, 669 F.2d 1351, 1356-1357 (10th Cir. 1981); United States v. Rickman, 638 F.2d 182, 183 (10th Cir. 1980); United States v. Scott, 521 F.2d 1188, 1195 (9th Cir. 1975).

Moreover, petitioners' contention that their case should be heard by an Article III court and that a special trial judge should not decide their case is without merit. The constitutionality of the Tax Court has been repeatedly upheld on the basis of congressional authority to create specialized courts

under Article I of the Constitution. <u>Freytag v. Commissioner</u>, 501 U.S. 868 (1991); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1982); <u>Burns, Stix Friedman & Co. v. Commissioner</u>, 57 T.C. 392 (1971). The Tax Court is a court of law which exercises judicial power to interpret and apply the provisions of the Internal Revenue Code in disputes between taxpayers and the Commissioner. <u>Freytag v. Commissioner</u>, <u>supra</u>. Moreover, under section 7443A(b)(4), the Chief Judge of the Tax Court can assign any Tax Court proceeding to a special trial judge for hearing and the preparation of proposed findings of fact and written opinion. <u>Id.</u> The Court rejects this and other tax protester type arguments raised by petitioners as being frivolous and without merit.

Petitioners have failed to raise any issue with regard to the amount of their income or deductions, or the correct amount of their tax liability, including the additions to tax. Accordingly, they have not raised any justiciable issues, and respondent's motion to dismiss will be granted.

Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay. A petition in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned,

colorable argument for change in the law."  <u>Coleman</u> v. <u>Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioners have made frivolous arguments.  They were advised that the allegations in the petition were similar to those in other cases for which section 6673 penalties have been awarded.  Nevertheless, petitioners failed to file an amended petition containing clear and concise assignments of error or statements of fact.  Rather, they continued to assert stale and time-worn tax protester rhetoric.  We find that petitioners have instituted and maintained this action primarily for delay and that petitioners' position in this proceeding is frivolous and groundless.

In view of the above, respondent's request for a penalty under section 6673 will be granted, petitioner Joel L. Boyce will be required to pay the United States a penalty of $10,000, and petitioner Delynn E. Boyce will be required to pay a penalty of $5,000.

<u>An appropriate order and decision will be entered for respondent</u>.