T.C. Memo. 2020-77

UNITED STATES TAX COURT

CHOONG H. KOH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9033-19.                    Filed June 4, 2020.

<u>Frank Agostino</u>, for petitioner.

<u>Thomas A. Deamus</u>, for respondent.

MEMORANDUM OPINION

GREAVES, <u>Judge</u>:  This matter is before the Court on petitioner's motion

for judgment on the pleadings under Rule 120(a)[1] (motion).  Petitioner seeks

_____

[1]Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[*2] judgment on the pleadings with respect to "the penalties asserted in paragraph 8 of respondent's answer." The Court's Rules do not provide specifically for motions for underline partial judgment on the pleadings; however, the Court has exercised its discretion to allow a party to move for a judgment on the pleadings as to fewer than all the issues in a case. See Nis Family Tr. v. Commissioner, 115 T.C. 523, 539 (2000); Brock v. Commissioner, 92 T.C. 1127, 1133 (1989). We deem that appropriate here, and we will treat the motion as a motion for partial judgment on the pleadings.

Section 6751(b)(1) provides that the "initial determination" of a penalty assessment must receive supervisory approval. Petitioner contends that respondent's counsel may not make the "initial determination" of a penalty and that therefore respondent cannot satisfy section 6751(b)(1) with respect to penalties asserted in an answer. The Court concludes that petitioner's argument is without merit. Accordingly, we will deny the motion.

Background

The facts for deciding the motion are straightforward and undisputed in the pleadings. Petitioner resided in New Jersey at the time he filed the petition.

Respondent sent petitioner and his wife a statutory notice of deficiency (deficiency notice), which determined the following:

[*3]

| Year | Deficiency | Penalty sec. 6662(j) |
|------|-----------|---------------------|
| 2012 | $25,099.00 | $9,760.00 |
| 2013 | 18,301.75 | 7,182.80 |

Thereafter, petitioner filed a timely petition in this Court seeking redetermination of the deficiencies and penalties.[2] Respondent filed an answer, which generally denied petitioner's assertions. In paragraph 8 of the answer, respondent's counsel asserted that, in the alternative to the section 6662(j) penalties determined in the deficiency notice, petitioner is liable for accuracy-related penalties under section 6662(b)(1) or (2) for the 2012 and 2013 tax years. Respondent's counsel and Associate Area Counsel Brian Bilheimer signed the answer.

Petitioner filed a reply to the answer wherein he denied the assertions in paragraph 8 of the answer and contended that respondent's counsel's authority to make an initial determination on penalties in the answer is a question of law. Thereafter, petitioner filed the motion that is now before the Court.

---

[2]Petitioner's wife did not join petitioner in filing the petition.

**[\*4]**                                     <u>Discussion</u>

Rule 120 provides that after the pleadings in a case are closed but within such time as not to delay the trial, a party may move for judgment on the pleadings. The granting of a motion for judgment on the pleadings is proper only where the pleadings do not raise a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Abrams v. Commissioner</u>, 82 T.C. 403, 408 (1984); <u>Anthony v. Commissioner</u>, 66 T.C. 367 (1976), <u>aff'd without published opinion</u>, 566 F.2d 1168 (3d Cir. 1977). The sole question presented at this stage of the proceedings is whether respondent's counsel may make an initial determination for purposes of satisfying section 6751(b)(1).[3]

<u>Section 6751(b)(1) Requirement</u>

Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination of such assessment" was "personally approved (in writing) by

---

[3]In his reply to respondent's answer, petitioner challenges not only respondent's counsel's authority to assert penalties, but also whether respondent's counsel followed the proper procedure under sec. 6751(b)(1). This second issue may involve factual considerations, and therefore we do not decide it today. We note that the Court has found that an IRS Chief Counsel attorney satisfies the supervisory approval requirement under sec. 6751(b) where the attorney's immediate supervisor personally approved in writing the assertion of a penalty that was first raised in the answer, as evidenced by the signature of respondent's associate area counsel on the pleading. See <u>Roth v. Commissioner</u>, T.C. Memo. 2017-248, at \*11, <u>aff'd</u>, 922 F.3d 1126 (10th Cir. 2019).

**[\*5]** the immediate supervisor of the individual making such determination."  The parties do not dispute that respondent's counsel made the initial section 6662(b)(1) and (2) penalty determinations in the answer.  Rather, the only dispute before us now is whether respondent's counsel was authorized to do so.

This is not the first time a taxpayer asked the Court to find that IRS Chief Counsel attorneys lack the authority to assert penalties in an answer.  The Court rejected this same argument less than three years ago in Roth v. Commissioner, T.C. Memo. 2017-248, at \*10-\*11, aff'd, 922 F.3d 1126 (10th Cir. 2019).  The authority of the Chief Counsel (or his delegate) to assert additional penalties in an answer arises from his role as the IRS' representative in this Court.  Secs. 7803(b), 7452.  It is well established that the Commissioner may assert penalties in an answer.  Sec. 6214(a); Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. 485 (2017), supplementing and overruling in part 147 T.C. 460 (2016).  It follows that his representative in this Court also has this authority.  Roth v. Commissioner, at \*11; see Rule 142(a); Graev v. Commissioner, 149 T.C. at 491-492, 498; Estate of Jung v. Commissioner, 101 T.C. 412, 448 (1993).

**[\*6]**                                            <u>Conclusion</u>

We conclude that respondent's counsel may make an initial determination

for purposes of section 6751(b)(1) in an answer, and we therefore will deny

petitioner's motion.  We considered all of the arguments made by the parties and,

to the extent they are not addressed herein, we find them to be moot, irrelevant, or

without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.