JON L. AND MONICA A. BRAYTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brayton v. Commissioner
Docket No. 23670-88
United States Tax Court
T.C. Memo 1989-664; 1989 Tax Ct. Memo LEXIS 664; 58 T.C.M. (CCH) 993; T.C.M. (RIA) 89664; December 21, 1989
*664 Held, R's motion for judgment on the pleadings is granted. Ps are liable for the deficiency in and additions to tax determined by respondent. Held further, damages in the amount of $ 5,000 are awarded to the United States pursuant to I.R.C. section 6673. Jon L. Brayton, pro se. Mary Tseng, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: Respondent determined the following deficiency in and *665 additions to petitioners' Federal income taxes: Additions to Tax - Sections Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1984
$ 13,108
$ 1,072
$ 655
50% of interest
$ 2,324
due on $ 9,294
(Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for 1984. All Rule references are to the Tax Court Rules of Practice and Procedure.) At the time of filing their petition, petitioners were residents of Temecula, California. On September 18, 1989, respondent filed a motion for judgment on the pleadings, a motion for protective order and a motion for assessment of damages under I.R.C. section 6673. On December 6, 1989, a hearing was held before the Court to consider respondent's motions. Petitioners, pursuant to Rule 50(c), filed a written statement in lieu of an appearance at the hearing. First, we address respondent's motion for judgment on the pleadings pursuant to Rule 120. A judgment on the pleadings is appropriate where a petition raises no justiciable issues. Abrams v. Commissioner, 82 T.C. 403, 408 (1984). In their petition *666 and 50(c) statement, petitioners make tax-protester arguments heard many times before by this Court. See McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Petitioners assert that as citizens and residents of the "Republic of the State of California" they are exempt from direct unapportioned tax under Article IV, Section 2, Clause 1 of the U.S. Constitution. Petitioners allege that because they are exempt from taxation, respondent, in making his deficiency determination, erroneously determined that petitioners were "living abroad" and earning "foreign earned income." Petitioners are not exempt from Federal income tax. Abrams v. Commissioner, supra at 406-407. Thus, petitioners' assignments of error based on this tax-protester argument are rejected. Petitioners' assertion that respondent lacked authority to issue a notice of deficiency to petitioners is also without merit. Section 6212. Petitioners further assert respondent failed to follow proper administrative procedures in issuing his notice of deficiency. This Court generally (as in the case here) will not look behind a deficiency notice to *667 examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Abrams v. Commissioner, supra at 406. Petitioners have failed to raise any justiciable issues in their petition. Any issues not raised in the assignments of error shall be deemed conceded. Rule 34(b)(4). Petitioners continued to persist in making these tax-protester arguments in both their amended petition and 50(c) statement. Accordingly, respondent's motion for a judgment on the pleadings will be granted. Respondent's motion for a protective order is rendered moot by this judgment on the pleadings. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous, groundless or instituted primarily for delay, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Court in its decision. Section 6673(a). We find petitioners' claims to be frivolous, groundless and instituted primarily for delay. Thus, we award the United States $ 5,000 in damages. An appropriate order will be issued and decision will be entered for the respondent.