STANLEY EARL BUSH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bush v. Commissioner
Docket No. 11537-89
United States Tax Court
T.C. Memo 1990-157; 1990 Tax Ct. Memo LEXIS 181; 59 T.C.M. (CCH) 204; T.C.M. (RIA) 90157; March 22, 1990
Stanley Earl Bush, pro se. Mary Tseng, for the respondent. SCOTT *361 MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 *182 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120 and respondent's Motion for Assessment of Damages under section 6673. In the notice of deficiency, respondent determined deficiencies in income taxes and additions to tax due from petitioner as follows: ADDITIONS TO TAX SECTIONS
YEAR
DEFICIENCY
6661
6651(a)(1)
6654
6653(a)(1)[2]
6653(a)(2)
1983
$ 8,003.00
$ 2,001.00
$ 2,001.00
$ 490.00
$ 400.00
*
1984
8,296.00
2,017.00
2,017.00
503.00
415.00
*
1985
6,323.00
1,581.00
1,581.00
363.00
316.00
*
1986
8,149.00
2,037.00
2,037.00
394.00
407.00
*
*183 Adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to report various items of unemployment compensation, dividends and wage income. Petitioner has alleged in the petition that he is a United States citizen and, during the years at issue, earned his living as a field construction ironworker for various corporations doing business within the State of California. He further alleges that he did not reside in any foreign country or territory outside the United States and that therefore he is "not engaged in any activity upon which Congress has imposed a tax under the provisions of subtitle A of the Internal Revenue Code and related regulations." Petitioner makes further allegations in the petition, which are common in tax protestor petitions, regarding the method in which he was selected for audit, as well as the audit techniques utilized by respondent. The Court permitted petitioner to file an objection to respondent's motions on or before October 31, 1989. Instead of an objection, petitioner filed a Motion to Defer Consideration of Respondent's Motions in Order to Permit Discovery. Petitioner hoped to obtain evidence *184 through discovery which would show that the proper procedures were not followed in making the deficiency determinations, that said determinations were excessive and arbitrary, that petitioner was arbitrarily labeled an illegal tax protestor, and that respondent's "determinations [had] no factual or legal foundation and are neither considerate nor thoughtful." Petitioner's Motion to Defer Consideration was denied by the Court. Subsequently, no further objection or communication was received from petitioner. Under these premises, no useful purpose would be served by affording the parties further hearing in this matter. In his Motion for Judgment on the Pleadings, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determinations in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Brayton v. Commissioner, T.C. Memo. 1989-664. *185 In the petition and Motion to Defer Consideration, petitioner makes tax protestor arguments that have been heard by this Court on many occasions. See, e.g., McCoy v. Commissioner, *362 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Brayton v. Commissioner, supra.
Petitioner asserts that as a citizen and resident of the "Republic of the State of California," he is exempt from unapportioned tax under article IV, section 2, clause 1 of the U.S. Constitution. Petitioner alleges that, because he is exempt from taxation, respondent in making his deficiency determination erroneously determined that petitioner was living abroad and earning foreign-earned income. The simple answer is that petitioner is not exempt from Federal income tax. See Abrams v. Commissioner, supra at 406-407. Thus, petitioner's assignments of error based on this tax protestor argument are rejected. Petitioner's assertion that respondent lacked authority to issue a notice of deficiency to him is also without merit. Section 6212. Petitioner further asserts that respondent failed to follow proper administrative procedures *186 in issuing the notice of deficiency. This Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or the administrative policy or procedures involved in making his determinations. Abrams v. Commissioner, supra at 406. Petitioner has failed to raise any justiciable issue in his petition. Any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4). Accordingly, respondent's motion for judgment on the pleadings will be granted. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, or instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages (now called a penalty) in an amount not in excess of $ 5,000 [3] shall be awarded to the United States by the Court in its decision. Section 6673(a). We find petitioner's claims to be frivolous, groundless, and instituted primarily for delay. This petitioner has been in this Court before and has raised similar arguments. In docket No. 19049-87, petitioner's case was *187 dismissed on similar grounds, and the order of dismissal was affirmed by the Ninth Circuit on March 2, 1989. In docket No. 29452-87, petitioner's frivolous case was dismissed on April 21, 1988, and an appeal was filed with the Ninth Circuit on July 21, 1988. Petitioner is fully aware of the frivolous nature of his arguments. Thus, we award the United States $ 5,000 in damages (penalty). An appropriate order will be issued and decision will be entered for respondent. Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code in effect for the years at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Court notes that sections 6653(a)(1) and 6653(a)(2) were revised in form and renumbered as sections 6653(a)(1)(A) and 6653(a)(1)(B), respectively, applicable to returns, the due date for which (determined without regard to extensions) is after December 31, 1986.↩
*. 50% of the interest due on $ 8,003.00, $ 8,068.00, $ 6,323.00 and $ 8,149.00 for the years 1983, 1984, 1985 and 1986, [2]respectively. ↩
3. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub.L. 101-239, sec. 7731(a), 103 Stat. 2106, applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date. Here, respondent has only requested $ 5,000 in damages (penalty) in his motion. Petitioner should, however, be forewarned that we intend to award damages (penalty) to the full extent permitted by statute under appropriate circumstances.↩