ORIAN E. WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 26062-89
United States Tax Court
T.C. Memo 1990-232; 1990 Tax Ct. Memo LEXIS 239; 59 T.C.M. (CCH) 546; T.C.M. (RIA) 90232; May 14, 1990, Filed Orian E. Wright, pro se. Katheryn E. Rooklidge, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
*777 MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's Motion to Dismiss for Failure to State *240 a Claim filed pursuant to Rule 40 and respondent's Motion for Assessment of Damages under section 6673. [1] This case was assigned pursuant to section 7443A(b) and Rules 180, 181 and 183 by order of the Chief Judge. In the notice of deficiency, respondent determined a deficiency in income tax and additions to tax due from petitioner as follows: ADDITIONS TO TAX SECTIONS
YEAR
DEFICIENCY
6661(a)
6651(a)(1)
6654(a)
6653(a)(1)
6653(a)(2)
1984
$ 5,371.00
$ 1,342.75
$ 1,342.75
$ 337.67
$ 268.55
*
Adjustments giving rise to the above deficiency and *241 additions to tax are based upon the failure of petitioner to report various items of unemployment compensation and wage income. Petitioner has alleged in the petition that he is a United States citizen and, during the years at issue, earned his living as a union electrician doing electrical construction work for various electrical contractors within the State of California. *778 He further alleges that he did not reside in any foreign country or territory outside the United States and that therefore he is "not engaged in any activity upon which Congress has imposed a tax under the provisions of subtitle A of the Internal Revenue Code and related regulations." Petitioner makes further allegations in the petition, which are common in tax protestor petitions, regarding the method in which he was selected for audit, as well as the audit techniques utilized by respondent. [2]
*242 The Court permitted petitioner to file an objection to respondent's motions on or before January 31, 1990. Instead of an objection, petitioner filed a Motion to Defer Consideration of Respondent's Motions to permit discovery. Petitioner hoped to obtain evidence through discovery which would show that the proper procedures were not followed in making the deficiency determinations, that said determinations were excessive and arbitrary, that petitioner was arbitrarily labeled an illegal tax protestor, and that respondent's "determinations [had] no factual or legal foundation and are neither considerate nor thoughtful." Petitioner's motion was denied by the Court. Subsequently, no further objection or communication was received from petitioner. Under these premises, no useful purpose would be served by affording the parties further hearing in this matter. In his Motion to Dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determinations in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases *243 the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Brayton v. Commissioner, T.C. Memo. 1989-664. In the petition and Motion to Defer Consideration, petitioner makes tax protestor arguments that have been heard by this Court on many occasions. See, e.g., McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Brayton v. Commissioner, supra.
Petitioner asserts that as a citizen and resident of the "Republic of the State of California," he is exempt from unapportioned tax under article IV, section 2, clause 1 of the U.S. Constitution. Petitioner alleges that, because he is exempt from taxation, respondent in making his deficiency determination erroneously determined that petitioner was living abroad and earning foreign-earned income. The simple answer is that petitioner is not exempt from Federal income tax. See Abrams v. Commissioner, supra at 406-407. Thus, petitioner's assignments of error based on *244 this tax protestor argument are rejected. Petitioner's assertion that respondent lacked authority to issue a notice of deficiency to him is also without merit. Section 6212. Petitioner further asserts that respondent failed to follow proper administrative procedures in issuing the notice of deficiency. This Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or the administrative policy or procedures involved in making his determinations. Abrams v. Commissioner, supra at 406. Petitioner has failed to raise any justiciable issue in his petition. Any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4). Accordingly, respondent's Motion to Dismiss will be granted. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, or instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages (now called a penalty) in an amount not in excess of $ 5,000 [3] shall be awarded to the United States by the Court in its *245 decision. Section 6673(a). We find petitioner's claims to be frivolous, groundless, and instituted primarily for delay. This petitioner has been in this Court before and has raised similar tax protester arguments. In docket No. 32226-84, petitioner argued that wages earned by American citizens were not subject to Federal income tax. We held that this position is "attenuated, obscure and frivolous." Wright v. Commissioner, T.C. Memo. 1988-552. Damages were awarded to the United States *246 in the amount of $ 5,000. In docket Nos. 33475-86 and 2321-87, petitioner and his wife again raised frivolous tax protestor arguments. The Court granted respondent's *779 motions for judgment on the pleadings and again awarded damages of $ 5,000. Furthermore, in docket No. 1163-87, we granted respondent's motion for summary judgment, and held that the position maintained by petitioner and his wife therein was frivolous. We again awarded damages of $ 5,000. All of the decisions are pending the taxpayers' appeals to the Ninth Circuit. Petitioner is fully aware of the frivolous nature of his arguments. Thus, we award the United States $ 5,000 in damages (penalty). An appropriate order will be issued and decision will be entered for the respondent.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 5,371.00↩
2. Petitioner also alleges that the notice of deficiency was improperly issued by the Associate Commissioner, Foreign Operations Division. The notice of deficiency attached to the petition, as well as respondent's answer, reflect that it was issued by the Director of the Service Center at Fresno, California.↩
3. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub.L. 101-239, sec. 7731(a), 103 Stat. 2106, applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date. Here, respondent has only requested $ 5,000 in damages (penalty) in his motion. Petitioner should, however, be forewarned that we intend to award damages (penalty) to the full extent permitted by statute under appropriate circumstances.↩