WILLIAM B. URBAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Urban v. Commissioner
Docket No. 3936-89
United States Tax Court
T.C. Memo 1990-249; 1990 Tax Ct. Memo LEXIS 268; 59 T.C.M. (CCH) 652; T.C.M. (RIA) 90249; May 22, 1990, Filed William B. Urban, pro se. Donald R. Gilliland, for the respondent. PARR, Judge. PARR
*900 MEMORANDUM OPINION This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120 [1] and respondent's Motion for Imposition of Penalty under section 6673. *269 In the notice of deficiency, respondent determined deficiencies in and additions to petitioner's individual Federal income tax for calendar year ending December 31, 1982 as follows: Additions to Tax Deficiency
§ 6653(a)(1)
§ 6653(a)(2)
§ 6651(a)
§ 6654(a)
$ 11,217.00
$ 560.55
*
$ 2,354.00
$ 872.88
Adjustments giving rise to the above deficiency and additions to tax are based upon petitioner's failure to report wage and interest income. *901 Petitioner alleged in the petition that he is a United States citizen and, during the years in issue, earned his living as a skilled laborer (construction boilermaker) for various construction companies doing business within the State of California. He further alleges that he did not reside in any foreign country or territory outside the United States and that therefore he was "not engaged in any activity upon which Congress has imposed a tax under the provisions of subtitle *270 A of the Internal Revenue Code." Petitioner makes further allegations in the petition which are common in tax protester petitions, regarding the method in which he was selected for audit, as well as the audit techniques used by respondent. [2]
In his Motion for Judgment on the Pleadings, respondent contends that the petition fails to (1) allege clear and concise assignments of error in respondent's deficiency determinations, in violation of Rule 34(b)(4); and (2) allege clear and concise lettered statements of fact on which petitioner bases the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Brayton v. Commissioner, T.C. Memo. 1989-664. *271 In the petition and other documents filed with the Court petitioner makes tax protester arguments that have been heard by this Court on many occasions. See, e.g., McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Brayton v. Commissioner, supra.
Petitioner asserts that as a citizen and resident of the "Republic of the State of California," he is exempt from unapportioned tax under article IV, section 2, clause 1 of the U.S. Constitution. Petitioner alleges that, because he is exempt from taxation, respondent in making his deficiency determination erroneously determined that petitioner was living abroad and earning foreign-earned income. The simple answer is that petitioner is not exempt from Federal income tax. See Abrams v. Commissioner, supra at 406-407. Thus, petitioner's assignments of error based on this tax protester argument are rejected. Petitioner's assertion that respondent lacked authority to issue a notice of deficiency to him is also without merit. Section 6212. Petitioner further asserts that respondent failed to follow proper administrative procedures in issuing *272 the notice of deficiency. This Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or the administrative policy or procedures involved in making his determinations. Abrams v. Commissioner, supra at 406. Petitioner has failed to raise any justiciable issue in his petition. Any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4). Accordingly, respondent's Motion for Judgment on the Pleadings will be granted. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, or instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, a penalty in an amount not to exceed $ 25,000 shall be awarded to the United States by the Court in its decision. Section 6673(a). [3]
*273 We find petitioner's claims to be frivolous, groundless, and instituted primarily for delay. By a letter dated April 5, 1989, counsel for respondent informed petitioner that respondent intended to move for damages (now called a penalty) pursuant to section 6673. Enclosed with the letter was a copy of section 6673, as then in effect, and a copy of the case of Abrams v. Commissioner, supra, in which the Court discussed section 6673 and, on its own motion, awarded damages to respondent. Thus, for a year before the hearing in this case, petitioner has been fully aware of the frivolous nature of his arguments. Accordingly, petitioner will be required to pay to the United States a penalty in the amount of $ 5,000. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the deficiency.↩
2. In fact, the petition herein is substantially identical to the petition filed in the case of Bush v. Commissioner, T.C. Memo. 1990-157↩, in which the Court granted respondent's motion for judgment on the pleadings.
3. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub.L. 101-239, sec. 7731(a), 103 Stat. 2106, applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩