JOHN IRA MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 606-90
United States Tax Court
T.C. Memo 1990-560; 1990 Tax Ct. Memo LEXIS 632; 60 T.C.M. (CCH) 1131; T.C.M. (RIA) 90560; October 25, 1990, Filed *632 An appropriate order and decision will be entered. John Ira Martin, pro se. Carolyn A. Arnold, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM OPINION This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120[1] and respondent's Motion for Assessment of Damages under section 6673. In four notices of deficiency, respondent determined deficiencies in income taxes and additions *633 to tax due from petitioner as follows: ADDITIONS TO TAX SECTIONS
YEAR
DEFICIENCY
6653(a)(1)
6653(a)(2)
6651(a)
6654(a)
1983
$ 6,097.00
$ 304.85
*
$ 649.00
$ 105.28
1984
6,226.00
311.30
*
569.75
--
1985
6,887.00
344.35
*
644.25
--
6653(a)(1)(A)
6653(a)(1)(B)
1986
7,178.00
358.90
*
654.25
--
The adjustments giving rise to the above deficiencies and additions to tax in the notices of deficiency are based upon the failure of petitioner to report various items of income. Petitioner alleged in the petition only that this Court is without subject matter jurisdiction due to an invalid notice of deficiency because the determination is not based on a valid return and other procedural defects. After respondent filed his answer, petitioner filed a motion to dismiss for lack of jurisdiction on the grounds that no notice of deficiency may be issued where a taxpayer *634 does not file a return. That motion was denied. Then petitioner filed a Reply in two parts. Part one consisted of 23 pages, plus several hundred pages of exhibits, and reiterated petitioner's argument that no notice of deficiency can be valid where no Federal tax return was filed. Part two consisted of 30 pages and attempted to establish that petitioner, a citizen of the State of California, was a non-resident alien individual with regard to the Internal Revenue Code. In response to respondent's motions, petitioner filed a Motion to Dismiss Respondent's Motion for Judgment on the Pleadings, an amended petition, and a Motion for Order Compelling Production. These voluminous documents further registered petitioner's contention that there were "procedural defects" in the issuance of the notices of deficiency. Petitioner also filed a Motion to Dismiss Respondent's Motion for Assessment of Damages. Petitioner's Motion for an Order Compelling Production requests respondent to produce a catalog of Federal tax form letters and notices, the date and number of the Federal register in which the Form 1040 was published; and the date and number of the Federal register in which various *635 Treasury department orders were published. We initially note that petitioner has not served a formal notice of production of documents and things upon respondent pursuant to Rule 72. However, even if petitioner had done so, we would decline to grant petitioner's motion. It is well established that this Court will generally not explore the underpinnings of the notice of deficiency to examine respondent's administrative policy, motives, procedures, or evidence used in arriving at the determination of a deficiency. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984); Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Accordingly, petitioner's discovery motion will be denied. Turning to respondent's Motion for Judgment on the Pleadings, we find that petitioner's arguments are spurious. Petitioner asserts that: 1) as a citizen resident of the State of California, it would be constitutionally impermissible to exact a tax from him on income earned within the United States; *636 2) he is not a member of the class of individuals upon whom Congress has levied a tax upon any activity he was engaged in; 3) the Internal Revenue Service only has authority to enforce the tax laws relating to foreigners and United States citizens earning foreign-source income; 4) Congress has never imposed a tax upon income; and 5) he was erroneously classified as a "taxpayer" subject to income tax. These frivolous tax protester arguments have been rejected repeatedly, and as such, we cannot envision any reason to refute these arguments with somber reasoning and copious citation of precedent. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Petitioner's argument that the notice of deficiency is invalid because it is not based upon a filed return has been rejected. See Hartman v. Commissioner, 65 T.C. 542 (1975). That principle has been repeatedly upheld and indeed has been endorsed by the Ninth Circuit in Roat v. Commissioner, 847 F.2d 1379 (9th Cir. 1988). The short answer to all of petitioner's arguments is that he is not exempt from Federal income tax. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). *637 A petition must contain: 1) "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability;" and 2) "Clear and concise lettered statements of facts on which petitioner bases the assignments of error." Rules 34(b)(4) and (5). Petitioner has failed to allege any error or any facts in support of any error. Therefore, petitioner has failed to raise any justiciable issue in his petition. Any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. Abrams v. Commissioner, supra, at 408; Brayton v. Commissioner, T.C. Memo. 1989-664. Accordingly, respondent's Motion for Judgment on the Pleadings will be granted. Whenever it appears to the Tax Court that a taxpayer's position in a proceeding is frivolous or groundless or that the *638 proceeding was instituted or maintained primarily for delay, a penalty in an amount not in excess of $ 25,000 may be awarded to the United States by this Court in its decision. Section 6673(a). We find that petitioner's conduct compels the awarding of a penalty to the United States under section 6673. Petitioner adamantly continues to raise the same unfounded tax protester arguments which we have continually rejected. Despite petitioner's claim that he is not an attorney, he has inundated this Court with papers of a legal nature, accurately citing voluminous cases and statutes for propositions which are utterly frivolous and groundless. (We note, however, that the papers filed by petitioner bear a remarkable resemblance to papers filed in other tax protestor cases.) Therefore, respondent's request for a penalty under section 6673 will be granted, and accordingly we require petitioner to pay a penalty of $ 8,000 to the United States. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the underpayment.↩