ANNA MAE TROHIMOVICH, ESTATE OF RICHARD A. TROHIMOVICH, DECEASED, MERITA M. TROHIMOVICH, EXECUTRIX, AND MERITA M. TROHIMOVICH, INDIVIDUALLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trohimovich v. Commissioner
Docket No. 7879-78
United States Tax Court
T.C. Memo 1991-323; 1991 Tax Ct. Memo LEXIS 372; 62 T.C.M. (CCH) 134; T.C.M. (RIA) 91323; July 15, 1991, Filed *372 Donald A. Cable, for the Estate of Richard A. Trohimovich, Deceased, and Merita M. Trohimovich, Individually. Anna Mae Trohimovich, pro se. Michael R. McMahon and Thomas N. Tomashek, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before us on respondent's motion for judgment on the pleadings under Rule 120(a). [1] Respondent bases his motion on the allegation that petitioners fail to assert justiciable error on the part of respondent in determining deficiencies in petitioners' Federal income tax liabilities for 1974 and 1975. The record and documentary evidence submitted in support of respondent's motion for judgment on the pleadings establish the following. Petitioners resided in Aberdeen, Washington, at the time they filed their petition. Petitioner Anna Mae Trohimovich and her husband, Stanley J. Trohimovich filed tax-protester type joint Federal *373 income tax returns for 1974 and 1975. Petitioners Merita M. Trohimovich was married to petitioners Richard A. Trohimovich (decedent). Petitioners Merita M. Trohimovich filed separate individual Federal income tax returns for 1974 and 1975. Petitioners Merita M. Trohimovich, however, did not declare on her tax returns for 1974 and 1975 her community income from Grays Harbor Motors, a partnership owned by decedent and Stanley J. Trohimovich that operated an automobile dealership. Decedent also filed tax-protester type separate individual Federal income tax returns for 1974 and 1975. On April 5, 1978, respondent issued his notice of deficiency to each petitioners and to Stanley J. Trohimovich with regard to their respective 1974 and 1975 Federal income tax liabilities. Adjustments in the notices of deficiency were based on petitioners' respective share of the income of Grays Harbor Motors. On July 10, 1978, petitioners and Stanley J. Trohimovich filed a joint petition in this matter. On July 12 and August 8, 1978, petitioners filed amendments to their petition. On May 11, 1981, the Court substituted Merita M. Trohimovich as executrix for the estate of her deceased husband. *374 On July 27, 1981, the Court severed Stanley J. Trohimovich from this case. Over the last 13 years, at petitioners behest, the Court has granted numerous continuances. At the most recent hearing on December 3, 1990, petitioners failed to make an appearance in person or through a representative. Petitioners have the burden of stating clear and concise assignments of each and every error alleged to have been committed by respondent in the determination of their deficiencies at issue in this case. Rule 34(b)(4). Judgment on the pleadings is appropriate where petitioners in their pleadings do not raise genuine issues of material fact with respect to respondent's determinations. Abrams v. Commissioner, 82 T.C. 403, 408 (1984). See also Brayton v. Commissioner, T.C. Memo 1989-664, affd. without published opinion 923 F.2d 861 (9th Cir. 1991). Petitioners' pleadings made general allegations in error in respondent's determination of deficiencies in petitioners Federal income tax liabilities. Petitioners allegations represent tax protester contentions that courts have rejected many times. In Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), *375 we stated: Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge [respondent's] determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. * * *
Petitioners' contentions do not raise "clear and concise assignments of error" regarding their liabilities for Federal income taxes, and therefore petitioners' claims herein do not warrant further consideration by this Court. Rule 34(b)(4). Petitioners also dispute generally respondent's ability to determine Federal income tax deficiencies using the bank deposits method. In the absence of available books and records that clearly reflect petitioners' income, respondent has latitude to choose among different methods of computing taxable income. Sec. 1.446-1(b)(1), Income Tax Regs. Numerous courts have upheld the use of bank deposits analyses in reconstructing taxpayers' income. United States v. Stone, 770 F.2d 842, 844-845 (9th Cir. 1985); United States v. Soulard, 730 F.2d 1292, 1298-1300 (9th Cir. 1984); United States v. Helina, 549 F.2d 713, 715-716, 720 (9th Cir. 1977). *376 Petitioners have failed to provide respondent with either their books and records or the books and records of Grays Harbor Motors, and petitioners have failed to provide respondent with any other information from which respondent could determine specific amounts of petitioners' income. Rule 149(b). We conclude that use by respondent in this case of the bank deposits method was an acceptable method for reconstructing petitioners' taxable income for 1974 and 1975. Petitioners failed to raise any justiciable issues in their pleadings concerning the adjustments respondent made in his notices of deficiency issued to petitioners. Thus, petitioners are regarded as having conceded respondent's adjustments. Rule 34(b)(4). For the reasons stated, An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.↩