T.C. Memo. 1996-328

UNITED STATES TAX COURT

VIVIAN D. RODRIGUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 561-96.                          Filed July 18, 1996.

Vivian D. Rodriguez, pro se.

<u>Lynda B. Taylor</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  This case is before the
Court on respondent's Motion to Dismiss For Failure to State a
Claim And To Impose A Penalty Under I.R.C. Section 6673,[1] filed
pursuant to Rule 40.  This case was assigned pursuant to section

_____

     [1]  All section references are to the Internal Revenue Code
in effect for the year at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

7443A(b)(3) and Rules 180, 181, and 182 by order of the Chief Judge.  In the notice of deficiency, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1989 in the amount of $2,366, additions to tax under sections 6651(a)(1) in the amount of $1,192, and 6654(a) in the amount of $159, and a penalty under section 6662(a) in the amount of $473.

The adjustments giving rise to the above deficiencies, additions to tax, and penalty are based upon the failure of petitioner to file a tax return for 1989 and report wages of $20,873.  Petitioner, a California resident, alleges in the petition that she is "an individual, American citizen (Domestic) not a United States citizen and/or resident living abroad (National)" and that the addition to tax under section 6651(a)(1) only applies to Alcohol, Tobacco, and Firearms revenue. Petitioner also alleges that she does not know the meaning of "wages" and that she has been denied due process.  She alleges that she has not been engaged in "any other taxable activity other than employment, all of which was within the jurisdictional boundaries of the State of California."  Thus she contends that taxes relating to "EMPLOYMENT" are not subject to the deficiency procedures of section 6211.  Petitioner makes further allegations in the petition, which are common in tax protester petitions,

regarding the method whereby she was selected for audit, as well as the audit techniques utilized by respondent.

Subsequent to the filing of respondent's motion, the Court noted that it reviewed the petition and agreed with respondent that the allegations therein were tax protester allegations that have been repeatedly rejected by this and other Courts. The petitioner was ordered to file an objection, if any, to respondent's motion or, alternatively, an amended petition that alleged adequate assignments of errors and statements of facts in support of those assignments of error as to the merits of respondent's determinations. Petitioner did not file an objection, an amended petition, or any other response. Under these premises, no useful purpose would be served by affording the parties further hearing in this matter.

In her motion to dismiss, respondent contends that the petitioner fails to allege clear and concise assignments of error in respondent's deficiency determinations in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Brayton v. Commissioner,

T.C. Memo. 1989-664, affd. without published opinion 923 F.2d 861 (9th Cir. 1991).

Petitioner makes tax protester arguments that have been heard by this Court on many occasions and rejected. The short answer to petitioner's contentions is that she is not exempt from Federal income tax. See Abrams v. Commissioner, supra at 406-407. Furthermore, this Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved in making her determinations. Abrams v. Commissioner, supra at 406; Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express Inc. v. Commissioner, 62 T.C. 324, 327 (1974).

Petitioner has failed to raise any issue with regard to the amount of her income or deductions, or the correct amount of her tax liability, including the additions to tax and penalty. Accordingly, she has not raised any justiciable issues, and respondent's motion to dismiss will be granted.

Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay. Petitioner has made frivolous arguments. In the Court's order for an objection or amended petition, the Court noted that wages are taxable and section 6651(a)(1) does pertain to income tax. Petitioner was advised that the allegations in the petition were similar to those in other cases in which

section 6673 penalties have been awarded.  Nevertheless, petitioner took no further action and made no response.  In view of the above, respondent's request for a penalty under section 6673 will be granted, and petitioner is required to pay the United States a penalty of $1,000.

<u>An appropriate order and decision will be entered for respondent</u>.