# United States Tax Court

T.C. Memo. 2023-71

CLAUDE FRANKLIN SANDERS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 14986-19.                    Filed June 14, 2023.

————

Claude Franklin Sanders, pro se.

*Amber B. Martin* and *Rebecca R. Loveday*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

GREAVES, *Judge*: With respect to petitioner's Federal income tax for 2009 through 2016 (years at issue), the Internal Revenue Service (IRS or respondent) determined tax deficiencies totaling $1,566,802, additions to tax under section 6651(f), additions to tax under section 6651(a)(2), and additions to tax under section 6654.[1] Petitioner contends that he did not receive taxable income because he is not an "individual" subject to tax. Petitioner further contends that he should not be liable for the additions to tax because he did not know with whom to file his tax returns. We reject these arguments and decide the case in respondent's favor.

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All references to the Code of Federal Regulations are to the regulations in effect at all relevant times.

[*2]                    FINDINGS OF FACT

Petitioner was self-employed as a gold and silver broker and a writer from 1980 through at least 2016. He published monthly newsletters about the gold and silver market and provided brokerage services for clients. Petitioner has a bachelor's degree but is self-taught in the brokerage industry. He conducted his business through two sole proprietorships, Moneychanger and Franklin Sanders, SP. He began conducting these businesses in Arkansas but fled the state after an adverse state sales tax decision for failure to withhold sales tax on his brokerage transactions. Petitioner moved his business to Tennessee, where he again faced state sales tax litigation.

In 1998 both entities were sold to Little Mountain Corp. (LMC). Petitioner provided consulting services to LMC after the sale through another sole proprietorship, Always Frank Consulting (AFC).[2] In this role petitioner managed LMC's website, drafted the monthly newsletter for Moneychanger, and provided office management services between 2009 and 2016. During these years petitioner submitted invoices to LMC for his consulting services. Most of the invoices were for services valued in excess of $10,000, and he instructed LMC to split the payments into installments of less than $10,000.[3] LMC paid the invoices in checks made out to "cash". In addition to these payments for services, LMC would pay petitioner bonuses based on business performance.

Despite receiving this income, petitioner did not file income tax returns for tax years 2008 through 2018. Likewise, petitioner did not make estimated tax payments. Respondent conducted an examination for petitioner's tax years at issue. Throughout the examination, petitioner failed to communicate with the revenue agent and did not attend the initial meeting. Petitioner also failed to comply with document requests for his business records, allegedly because he had no records. Respondent prepared substitutes for returns (SFRs) for the years at issue, showing no estimated taxes paid.

On May 14, 2019, respondent issued petitioner a notice of deficiency for the years at issue, determining the following deficiencies and additions to tax:

---

[2] Petitioner and AFC are used interchangeably throughout the Opinion.

[3] All dollar amounts are rounded to the nearest dollar.

| [*3] Year | Deficiency | § 6651(f) | § 6651(a)(2) | § 6654 |
|------|-----------|-----------|--------------|--------|
| 2010 | $249,935 | $181,203 | $62,484 | $5,360 |
| 2011 | 354,288 | 256,859 | 88,572 | 7,014 |
| 2012 | 321,820 | 233,320 | 80,455 | 5,770 |
| 2013 | 140,088 | 101,564 | 35,022 | 2,516 |
| 2014 | 101,914 | 73,888 | —[4] | 1,830 |
| 2015 | 179,737 | 130,309 | — | 3,237 |
| 2016 | 176,954 | 128,292 | — | 4,230 |

Petitioner lived in Tennessee when he timely filed the petition with this Court seeking redetermination of the deficiencies and additions to tax.

OPINION

I.  *Burden of Proof*

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving the determinations are in error. *See* Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). For the presumption of correctness to attach in an unreported income case, we rely on the test developed by the U.S. Court of Appeals for the Sixth Circuit, the appellate venue for this case absent other stipulation by the parties. *See* I.R.C. § 7482(b); *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971). The Sixth Circuit requires that the Commissioner establish a "minimal evidentiary foundation" regarding the income for the presumption of correctness to attach. *See United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance of the evidence that the deficiency was arbitrary or erroneous. *See id.*

Respondent has established through invoices, checks, and LMC's general ledger that petitioner received $3,492,526 in the years at issue.

---

[4] According to the notice of deficiency, additions to tax under section 6651(a)(2) for tax years 2014, 2015, and 2016 will be computed at a later date.

[*4] These documents, coupled with petitioner's own admissions that he received these payments, are sufficient to establish a minimal evidentiary foundation to shift the burden of proof to petitioner on this issue. Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

II.  *Unreported Income*

Section 1 imposes an income tax on the taxable income of an "individual." *See* I.R.C. § 1(c). Taxable income is an individual's gross income minus allowable deductions. *See* I.R.C. §§ 62 and 63. Gross income is broadly defined as "all income from whatever source derived." *See* I.R.C. § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955). Gross income includes compensation for services. *See* I.R.C. § 61(a)(1). Petitioner received gross income in the form of compensation from LMC for consulting services.

Petitioner argues that the payments he received from LMC are not taxable because he is not an "individual" subject to tax. Specifically, petitioner contends that he is a "citizen," not an "individual." Petitioner relies on section 7701(a)(1), defining "person" as an "individual." Petitioner then argues that because "citizen" and "person" are listed together in various Code sections, the two are mutually exclusive and thus so are "citizen" and "individual." Petitioner's theory that citizens do not need to pay federal income tax has been consistently rejected as frivolous by this Court. *See Wnuck v. Commissioner*, 136 T.C. 498, 503–04 (2011) (rejecting arguments that wages are not subject to tax and that income tax laws do not apply to wages earned in the U.S.); *Hill v. Commissioner*, T.C. Memo. 2013-265, at *7 & n.9 (rejecting an argument that only withholding agents are liable for tax); *Martin v. Commissioner*, T.C. Memo. 1990-560, 1990 Tax Ct. Memo LEXIS 632, at *5 (rejecting an argument that only foreign citizens and U.S. citizens that earned foreign source income are subject to tax). The regulations under section 1 define an individual subject to tax as any "individual who is a citizen or resident of the United States." *See* Treas. Reg. § 1.1-1(a). A citizen is defined as "[e]very person born or naturalized in the United States and subject to its jurisdiction." *See id*. para. (c).

Petitioner was born in the United States and is subject to its jurisdiction, which makes him a citizen under the regulations. As a citizen, he is an individual as defined by section 1. Therefore, section 1 imposes a tax on his income, including the compensation he received

**[\*5]** from LMC. Consequently, we uphold respondent's determination that petitioner received unreported income of $3,492,526 in the years at issue.

III. *Additions to Tax*

Respondent determined additions to tax under section 6651(f) for fraudulent failure to file, additions to tax under section 6651(a)(2) for failure to timely pay, and additions to tax under section 6654 for failure to pay estimated tax for the years at issue. In the alternative to the fraudulent failure to file additions to tax, respondent asserts additions to tax under section 6651(a)(1) for failure to timely file.

A. *Additions to Tax Under Section 6651(f)*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month for which there is a failure to timely file a tax return, up to 25% in the aggregate. Section 6651(f) increases the addition to tax for fraudulent failure to file to 15% of the tax required to be shown on the return for each month, up to 75% in the aggregate. An SFR prepared by the Commissioner under section 6020(b) is not a return for purposes of section 6651(f). *See* I.R.C. § 6651(g)(1).

Respondent bears the burden of proving fraud by clear and convincing evidence and must show "the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes." *DiLeo v. Commissioner*, 96 T.C. 858, 874 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992); *see* I.R.C. § 7454(a); Rule 142(b). Fraud is established by showing that a "taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax." *See Clayton v. Commissioner*, 102 T.C. 632, 647 (1994). Fraud may be established by circumstantial evidence. *See id.* The same factors relevant to determining fraudulent intent under section 6663 are relevant to determining fraudulent intent for failure to file. *See Clayton*, 102 T.C. at 653.

The Court looks to the following nonexclusive badges of fraud to determine fraudulent intent: (1) failure to file tax returns; (2) failure to report income over an extended period; (3) failure to furnish the Commissioner with access to records or to cooperate with taxing authorities; (4) failure to keep adequate books and records; (5) experience and knowledge, especially knowledge of tax laws;

**[\*6]** (6) concealment of bank accounts or assets from IRS agents; (7) willingness to defraud another in a business transaction; (8) implausible or inconsistent explanations of behavior; (9) failure to make estimated tax payments; and (10) a pattern of behavior that indicates an intent to mislead. *See Solomon v. Commissioner*, 732 F.2d 1459, 1461–62 (6th Cir. 1984), *aff'g* T.C. Memo. 1982-603; *Gross v. Commissioner*, T.C. Memo. 2008-218, slip op. at 13–14.

Respondent produced certified SFRs for the years at issue. Given petitioner's admission that he earned compensation but did not file tax returns for the years at issue, respondent has carried his burden of showing that petitioner failed to file tax returns for the years at issue and that he was required to file a return each year. As for fraudulent intent, after thorough review of the record, we conclude that at least eight badges of fraud demonstrate that petitioner acted with fraudulent intent.

Petitioner's failure to file tax returns for the years at issue supports an inference of fraud. *See Solomon v. Commissioner*, 732 F.2d at 1461; *Beaver v. Commissioner*, 55 T.C. 85, 93 (1970). By not filing his tax returns for the years at issue, petitioner failed to report income of at least $3,492,526. This pattern of substantially underreporting income is strong evidence of fraud. *See Holland v. United States*, 348 U.S. 121, 139 (1954); *Solomon v. Commissioner*, 732 F.2d at 1461; *Vanover v. Commissioner*, T.C. Memo. 2012-79, slip op. at 12.

Petitioner also failed to cooperate with the Commissioner during the examination process. The revenue agent repeatedly asked petitioner to provide records of his business activities. Petitioner refused these requests, ignoring both informal document requests and subpoenas. Petitioner alleges that he did not comply with the requests because he did not have the requested records. However, petitioner failed to credibly state why he could not produce these records. The failure to maintain adequate books and records and the failure to permit the Commissioner to inspect such records support an inference of fraud. *See Solomon v. Commissioner*, 732 F.2d at 1461; *Bradford v. Commissioner*, 796 F.2d 303, 307–08 (9th Cir. 1986), *aff'g* T.C. Memo. 1984-601.

Petitioner's education and knowledge further support fraudulent intent. Petitioner is a college-educated businessman who has worked in the brokerage industry since at least 1980. Although petitioner did not have formal education in finance or tax, he claimed that he spent a

**[\*7]** considerable amount of time studying tax laws.  Petitioner's self-acquired tax knowledge and his general business experience support an inference that he knew of the filing obligation and that his failure to file was fraudulent.  *See Niedringhaus v. Commissioner*, 99 T.C. 202, 211 (1992); *Tooke v. Commissioner*, T.C. Memo. 1977-91, *aff'd*, 595 F.2d 1229 (9th Cir. 1979).

LMC's method of paying petitioner indicates his intent to conceal income.  Petitioner specifically instructed LMC to pay invoices in installments of less than $10,000.  Additionally, all checks were made out to "cash".  Requesting payments of less than $10,000 to avoid potential reporting obligations is an indicium of fraud.  *See Spies v. United States*, 317 U.S. 492, 499 (1943); *Roudakov v. Commissioner*, T.C. Memo. 2014-193, at \*18; *McClellan v. Commissioner*, T.C. Memo. 2013-251, at \*27.  Petitioner argues that this payment scheme was the result of his difficulty in obtaining a bank account because he lacked a Social Security number.  This excuse is not credible because petitioner failed to provide any evidence of such difficulties.  Additionally, petitioner's failure to make estimated tax payments for the years at issue indicates fraudulent intent.  *See Miller v. Commissioner*, 94 T.C. 316, 336 (1990); *Putnam v. Commissioner*, T.C. Memo. 2015-160, at \*23.

Finally, petitioner has a pattern of tax avoidance.  He has been the subject of two state tax enforcement actions and fled one state to prevent collection.  This pattern of state sales tax violation does not establish fraudulent intent but is evidence of a propensity to defraud.  *See Petzoldt v. Commissioner*, 92 T.C. 661, 701–02 (1989); *McGirl v. Commissioner*, T.C. Memo. 1996-313, slip op. at 36–37, *aff'd*, 131 F.3d 143 (8th Cir. 1997).

Two badges of fraud weigh against finding fraudulent intent.  Respondent did not offer evidence that petitioner has defrauded another in business.  *See Solomon v. Commissioner*, 732 F.2d at 1462; *Afshar v. Commissioner*, T.C. Memo. 1981-241, 1981 Tax Ct. Memo LEXIS 503, at \*71–72, *aff'd*, 692 F.2d 751 (4th Cir. 1982).  Petitioner has also consistently asserted that his failure to file was due to his belief that he was not subject to income tax.  This consistency weighs against finding fraudulent intent.  *Cf. Grosshandler v. Commissioner*, 75 T.C. 1, 20 (1980).  However, this claim is implausible given his familiarity with tax laws and pattern of tax avoidance.

**[\*8]**   Weighing the badges of fraud, we conclude that respondent has established by clear and convincing evidence that petitioner failed to file for the years at issue and his failure was due to fraud.

Additions to tax for failure to timely file are not imposed if the failure is due to reasonable cause and not willful neglect.  *See* I.R.C. § 6651(a)(1).  To establish reasonable cause, petitioner must show that he exercised "ordinary business care and prudence" but nonetheless was unable to meet his filing obligations.  *See United States v. Boyle*, 469 U.S. 241, 245–46 (1985); Treas. Reg. § 301.6651-1(c)(1).  Willful neglect is a "conscious, intentional failure or reckless indifference."  *See Boyle*, 469 U.S. at 245.

Petitioner argues that he had reasonable cause for failing to timely file his tax returns for the years at issue because he did not know with whom to file the returns on account of the Department of the Treasury's alleged failure to comply with the Administrative Procedure Act (APA).  The APA requires agencies to publish in the Federal Register (1) "descriptions of [their] central and field organization" and (2) "the established places at which . . . the public may obtain information, make submittals or requests, or obtain decisions."  *See* 5 U.S.C. § 552(a)(1)(A).  Petitioner argues that the Department of the Treasury has failed to meet both obligations and therefore he cannot be "adversely affected by, a matter required to be published in the Federal Register and not so published."  *See* 5 U.S.C. § 552(a)(1) (flush language).

We reject petitioner's arguments that the Department of the Treasury has not met its publishing obligations.  In accordance with its obligation to publish the central and field organization, the Department of the Treasury published its organization structure in the U.S. Government Manual, a special edition of the Federal Register, for each of the years at issue.  *See* 44 U.S.C. § 1510(a); 1 C.F.R. § 9.1 (2023).[5]

---

[5] For the organization structure publication for the years at issue, see Office of the Federal Register, *The United States Government Manual 2009/2010*, at 327–30, 332 (2009); Office of the Federal Register, *The United States Government Manual 2011*, at 289–90, 295–302 (2011); Office of the Federal Register, *The United States Government Manual 2012*, at 296–97, 300–08 (2012); Office of the Federal Register, *The United States Government Manual 2013*, at 299–300, 303–11 (2013); Office of the Federal Register, *The United States Government Manual 2014*, at 299–300, 303–11 (2014); Office of the Federal Register, *Department of the Treasury*, The United States Government Manual 2015 (July 1, 2015), https://www.govinfo.gov/content/pkg/GOVMAN-2015-07-01/xml/GOVMAN-2015-07-01-125.xml; Office of the Federal

**[\*9]**  Petitioner also alleges that the Department of the Treasury has failed to provide a description of the place at which the public can "make submittals."  Again, we reject this argument.  The Department of the Treasury published locations where returns could be filed in the regulations under section 6091.  *See* Treas. Reg. § 1.6091-2(a)(1) (stating a person may file at "the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return"); *see also id.* para. (c) (indicating that returns must be filed with a service center if the instructions so specify).  In turn, the IRS issued Notices that directed taxpayers to the local IRS office.  *See* I.R.S. Notice 2003-19, 2003-1 C.B. 703; I.R.S. Notice 2010-53, 2010-31 I.R.B. 182.  Thus, the Department of the Treasury met its obligations under the APA.  *See DiCarlo v. Commissioner*, T.C. Memo. 1992-280 (finding that publication of the location where a taxpayer could obtain forms in Treasury Regulation § 1.6011-1(b) and the relevant addresses in the U.S. Government Manual satisfied the APA publication requirement).  Notice was duly given in the Federal Register, and petitioner is deemed to have received such notice.  *See* 44 U.S.C. § 1507.  Regardless of the Department of the Treasury's compliance with the APA, the obligation to file tax returns is from the Code itself, without reference to the regulations.  *See United States v. Hicks*, 947 F.2d 1356, 1360 (9th Cir. 1991); *United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990); *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990).

Even if petitioner did not know with whom to file his returns, his failure to file was not reasonable.  Taxpayers have a personal and nondelegable duty to file their tax returns on time.  *See Boyle*, 469 U.S. at 249–50.  There is one narrow exception if the taxpayer engages an attorney or accountant (for example) to determine whether a liability exists.  *See id.* at 250–51.  Petitioner states that he spoke with several attorneys.  Petitioner's supposed reliance is not credible because he failed to offer the names of the attorneys and the subject of the conversations.  Petitioner's uninformed belief about the law is not reasonable cause for failing to file.  *See Henningsen v. Commissioner*, 26 T.C. 528, 536 (1956) ("Mere uninformed and unsupported belief by a taxpayer, no matter how sincere that belief may be, that he is not required to file a tax return, is insufficient to constitute reasonable cause for his failure so to file."), *aff'd*, 243 F.2d 954 (4th Cir. 1957); *Staples v. Commissioner*, T.C. Memo. 2019-75, at \*8 (holding that a frivolous

Register, *Department of the Treasury*, The United States Government Manual 2016 (December 6, 2016), https://www.govinfo.gov/content/pkg/GOVMAN-2016-12-16/xml/GOVMAN-2016-12-16-125.xml.

[*10] argument regarding exemption from tax was not reasonable cause for failure to file); *McGowan v. Commissioner*, T.C. Memo. 2006-154, slip op. at 5 (holding that tax-protester arguments are not sufficient for reasonable cause).

We uphold respondent's determination that petitioner is liable for additions to tax for the years at issue under section 6651(f).

B.    *Additions to Tax Under Section 6651(a)(2)*

Section 6651(a)(2) provides for additions to tax when a taxpayer fails to pay timely the tax shown on a return.  To meet his burden of production, respondent must provide evidence of a tax return showing a tax liability.  *See* I.R.C. §§ 7491(c), 6651(a)(2); *Wheeler v. Commissioner*, 127 T.C. 200, 210 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008); *Cabirac v. Commissioner*, 120 T.C. 163, 170 (2003), *aff'd*, No. 03-3157, 2004 WL 7318960 (3d Cir. Feb. 10, 2004).  An SFR is treated as a return for purposes of section 6651(a)(2).  *See* I.R.C. § 6651(g)(2).  When a taxpayer does not file a return, the Commissioner must introduce evidence that an SFR satisfying the requirements of section 6020(b) was prepared.  *See Wheeler*, 127 T.C. at 210.  Respondent has met his burden of production by producing certified copies of the SFRs for the years at issue.

Additions to tax under section 6651(a)(2) are not imposed if the taxpayer can show that the failure to timely pay is due to reasonable cause and not willful neglect.  A taxpayer had reasonable cause if the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship." *See* Treas. Reg. § 301.6651-1(c)(1).  Petitioner asserts the same argument as above, that he did not know whom to pay because the Department of the Treasury failed to comply with its publishing obligations under the APA.  For the same reasons as above, we reject this argument.  We uphold respondent's determination that petitioner is liable for additions to tax under section 6651(a)(2) for the years at issue.

C.    *Failure to Make Estimated Tax Payments*

Section 6654(a) provides for additions to tax for an individual's underpayment of estimated tax.  Estimated income tax must be paid quarterly in an amount equal to 25% of the lesser of (1) 90% of the tax required to be shown on the current year's return or (2) if the taxpayer filed for the previous tax year, 100% of the tax shown on the prior year's

**[\*11]** tax return.  *See* I.R.C. § 6654(c) and (d)(1).  To meet his burden of production, respondent must show that petitioner had an obligation to make estimated tax payments.  *See Wheeler*, 127 T.C. at 211–12.  That is, respondent must introduce evidence of whether petitioner filed a tax return for the prior year and whether petitioner had a tax liability for the year at issue.  *See id.*

To meet his burden of production, respondent produced certified copies of the SFRs for the years at issue.  Further, petitioner stipulated that he did not file tax returns for tax years 2008 through 2018.  This evidence is sufficient to show that petitioner did not file tax returns for 2008 through 2016, had outstanding tax liabilities for the years at issue, and failed to pay estimated tax for the years at issue.  Respondent has thus satisfied his burden of production.  *See id.*

The burden of production, then, shifts to petitioner to show one of the statutory exceptions applies.  *See* I.R.C. § 6654(e).  Petitioner does not contend that any exception applies.  Consequently, we uphold respondent's determination that petitioner is liable for additions to tax under section 6654 for the years at issue.

IV.    *Frivolous Argument Penalty*

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 whenever it appears that (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.  A taxpayer's position is frivolous or groundless "if it is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law."  *See Takaba v. Commissioner*, 119 T.C. 285, 294 (2002); *Williams v. Commissioner*, 114 T.C. 136, 144 (2000).

As we have found, petitioner's arguments that citizens are not subject to tax and that he did not have an obligation to file his tax returns because of the Department of the Treasury's alleged failure to comply with the APA are frivolous.  Throughout the pretrial proceedings, petitioner repeatedly asserted these arguments despite warnings that he risked a section 6673 penalty.  However, because petitioner refrained from advancing frivolous arguments at trial, this Court will not impose a section 6673 penalty.

**[*12]** *Conclusion*

We accordingly sustain respondent's determination that petitioner is liable for income tax and additions to tax in the amounts set forth in the notice of deficiency.

To reflect the foregoing,

*Decision will be entered for respondent.*